H. E. NORRIS, SOLICITOR, v. CARY K. DURFEY, EXECUTOR.

(Filed 24 February, 1915.)

1. **Statutes—Interpretation—Legislative Intent—Inheritance Tax.**

Revenue laws, imposing an inheritance tax, should be liberally construed and that interpretation given them which would effectuate the intention of the Legislature.

2. **Same—Real Estate.**

The Revenue Act of 1909, imposing an inheritance tax, enacts that "all real and personal property of whatsoever kind and nature which shall pass

168—21

by will or by the intestate laws of this State . . . shall be and hereby is made subject to a tax for the benefit of the State as follows, that is to say: where the whole amount of said legacy or distributive share of personal property shall exceed $2,000 the tax shall be," etc.: *Held*, the State imposed the tax upon real as well as upon personal property in the manner stated.

3. Same—Exceptions.

The language used in the Revenue Act of 1909, after imposing an inheritance tax upon real and personal property, "where the whole amount of the said legacy or distributive share of personal property shall exceed in value $2,000," etc., has only the effect of exempting that much of the estate from the tax imposed, whether personal or real property, in favor of each legatee or devisee, to be assessed and determined by a commissioner appointed in accordance with the statute.

4. Statutes—Inheritance Tax—Constitutional Law.

The inheritance tax imposed in the Machinery Act of 1909 is constitutional and valid.

5. Statutes—Interpretation—State Departments—Courts.

The construction given the inheritance tax statute by the Attorney-General and State Treasurer are only *prima facie* correct, and not binding upon the courts, though given consideration as persuasive authority.

WALKER and HOKE, JJ., dissent.

APPEAL by plaintiffs from *Whedbee, J.,* at September Term, 1914, of WAKE.

Civil action to recover the inheritance tax imposed by law upon the estate of Florence P. Tucker, who died, leaving a last will and testament, in the city of Raleigh on 11 December, 1909.

Her estate consisted of both real and personal property. The most of her estate was bequeathed to her executors in trust for her children, the legatees under the will. It is admitted that the real estate exceeds in value the sum of $250,000, and that the personal estate exceeds in value the sum of $450,000.

The case was heard upon the facts agreed by his Honor, *Judge Whedbee,* September Term, 1913, Wake Superior Court, who adjudged that under the law the real estate of which Mrs. Tucker was seized and possessed at the time of her death was not subject to the inheritance tax.

The plaintiff excepted and appealed.

*H. E. Norris, Manning & Kitchin for plaintiff.*
*Pace & Boushall for defendant.*

BROWN, J. The only question presented is whether or not the inheritance tax section of the revenue law of 1909 imposes a tax upon real estate. Public Laws 1909, pp. 656, 657. The first inheritance tax law of 1903 imposes no tax upon real estate, but upon personal property only. The constitutionality of that act, as well as many points growing out of it, were passed on by this Court *In re Morris Estate,* 138 N. C., 260.

The succeeding acts of 1905, 1907, and 1909 are exactly alike, and read as follows: "From and after the passage of this act *all real and personal* property of whatever kind and nature which shall pass by will or by the intestate laws of this State . . . shall be and hereby is made subject to a tax for the benefit of the State as follows, that is to say: where the whole amount of said legacy or distributive share of personal property shall exceed in value $2,000 the tax shall be," etc.

It is contended that the Legislature, in using the words comprising the last two lines above quoted, whilst manifesting an intention to subject landed property to the inheritance tax, failed to do so and levied the tax only upon legacies or distributive shares of personal property exceeding in value $2,000.

It is elementary law in the construction of all statutes, applicable alike to revenue laws and all other species of legislation, that the statute should be given liberal and reasonable interpretation with a view to effectuate the intention of the Legislature. *In re Matter of Stewart,* 131 N. Y., 274; Ross on Inheritance Taxation, sec. 35.

Mr. Ross says that "It is gratifying to note that whatever the courts may have said on this question, they have in fact generally given inheritance tax statutes liberal construction in favor of the Government by subjecting to taxation every transfer of property that could be reasonably brought within the purview of the law." 27 A. and E., p. 340.

The Court of Appeals of New York has said: "It was undoubtedly the intent of the Legislature that the statutes under consideration should be liberally construed to the end of taxing the transfer of all property which fairly and reasonably could be regarded as subject to the same, and this Court has unequivocally placed itself upon record in favor of construing the statute in the light of such intent." *Estate of Gordon,* 186 N. Y., 471; 10 L. R. A. (N. S.), 1089.

It does not require any argument to prove that it was the manifest purpose of the General Assembly to tax real estate as well as personal property. Every word in the statute is pregnant with meaning and indicates with unerring certainty that such was the intention of the lawmakers.

The contention that there are no operative words in the statute which in effect levies tax upon real estate cannot be sustained. The very language of the act is, as hereinbefore quoted, that "from and after its passage all real and personal property of whatever kind, etc., shall be and hereby is made subject to a tax for the benefit of the State." Then the act goes on to levy the tax, prescribe the degrees of consanguinity, when and how it shall be levied and collected.

The language relied upon by the defendant, namely, "where the whole amount of said legacy or distributive share of personal property shall

exceed in value $2,000," is nothing more nor less than exemption of that much of the estate from taxation, and those words do not in any way destroy the force and effect of the statute in its declared purpose to levy the same tax upon land. This section was in the personal property act of 1903, and its validity was passed on and the act construed *In re Morris Estate, supra.*

The language of the act is not a mere declaration of intention or a recital of a purpose to tax real estate, but it is the enactment itself, by actual imposition of the tax, namely, "shall be and hereby is made subject to a tax." This plain declaration of the Legislature should not be defeated by subsequent words, unless they are clear, plain, and emphatic.

In reference to the contention that, although the intent to tax real estate is manifest, the Legislature failed to provide the machinery for its taxation, 27 A. and E., 340, very pertinently says: "But where a particular subject is within the scope of the statute, and exemption from taxation is claimed on the ground that the Legislature has not provided proper machinery for accomplishing the legislative purpose in the particular instance, *a liberal rather than a strict construction shall be applied,* and if by fair and reasonable construction of its provisions the purpose of the statute can be carried out, *that interpretation ought to be given to effectuate the legislative intent."*

The exemption clause that we have quoted from, contained in the act of 1909, is in the same words as the exemption clause in the act of 1903, yet the latter act undertook to tax personal property only. Practically the same law was reënacted in 1905, 1907, and 1909 in almost the same language, with the words *"all real and personal property"* inserted. No change whatever was made in the exemption clause. The wording of the exemption clause in the act of 1903 is the same as the acts of 1905, 1907, and 1909.

The effect of this would be, if any, not to displace the tax on real property, but to exempt only personal property, as the exemption clause is not effective in levying the tax, but only in exempting estates not exceeding $2,000 in value from its provisions.

Inasmuch as the operative words of the statute imposing the inheritance tax upon real property precedes this exempting clause, we fail to see how it is possible for the language of the latter to be construed as a repeal of the former.

It is not necessary that the exemption clause should contain any words making the tax effective. That is done by the preceding words of the statute. It is not necessary for us to hold, and we do not place so narrow a construction on the exemption clause as to declare that only personal property comes within its terms.

It is true that the words "legacy" and "distributive shares" technically are understood to apply to personal property, but it is evident that the word "legacy" is not used in its technical and narrow sense in this statute. It is plainly the intent of the Legislature to create an exemption of $2,000 in favor of the heirs, devisees, legatees, or distributees.

There is an analogy between the intent of the Legislature and the intent of a testator. Sometimes in wills the words "distributive share" and the word "legacy" have been construed to embrace land, when such was the manifest purpose of the testator.

The words "residuary legatee" will, when necessary to effect the testator's intention, be construed to mean "residuary devisee." In *Jones v. Myatt,* 153 N. C., 225, this Court held that the words "distributive share" could be enlarged to embrace a share in real estate, and that the word "legacy" would be enlarged, when necessary to carry out the purposes of the will, to include land. Gardner on Wills, p. 403.

So in *Hope v. Taylor,* 1 Burrows, 268, *Lord Mansfield* held that the word "legacy" used in a will extended to and embraced land. *Foil v. Newsom,* 138 N. C., 115.

It is contended that the administrative officers of the State, the State Treasurer and Attorney-General, have interpreted this statute so as to exempt real estate. The construction placed by a department of the Government is only *prima facie* correct, and is not binding on the courts. The opinions of such officers are treated with respect, but are only persuasive. They are given authority to construe the statutes because they have to be construed frequently without delay and before the courts can pass on them.

We are of opinion, upon the facts agreed, that the real and personal estate of the testatrix is liable for the inheritance tax, subject to a total exemption of $2,000 in favor of each devisee or legatee, and that the same should be assessed and determined by a commissioner appointed in accordance with the statute. *S. v. Bridgers,* 161 N. C., 247.

Error.

WALKER and HOKE, JJ., dissent.