ALDA M. HALLETT, EXECUTRIX UNDER
WILL OF GEORGE W. HALLETT

*vs.*

BOYD L. BAILEY, INHERITANCE TAX
COMMISSIONER OF THE STATE OF MAINE

Aroostook.    Opinion, July 26, 1947.

*Frank E. Pendleton,* for plaintiff.

*Ralph M. Farris, Attorney General,*
*Nunzi F. Napolitano, Assistant Attorney*
    *General,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ., MANSER, A. R. J.

MURCHIE, J.   This Petition in Equity filed in the Probate Court within and for the County of Aroostook, by an executrix who claims to be aggrieved by the determination of an inheritance tax against the estate in her hands, was reported to this court, pursuant to R. S. 1944, Chap. 142, Sec. 30, under an Agreed Statement of Facts, to resolve the question as to the incidence of the inheritance tax law of the State of Maine on War Savings Bonds and Treasury Bonds issued by the United States of America, and money on deposit in a bank transacting business in the State of Maine, standing, at the death of the decedent, in his name and that of another and payable to either or the survivor.

The Agreed Statement of Facts is silent as to the title to the money represented by the bonds and deposits prior to the purchase and deposit of the same, but the process is based frankly on the claim that it passed to the plaintiff individually upon the death of the decedent.   As to the bonds the allegation is that the imposition of an inheritance tax "would impair the contract made by the decedent with the United States of America."

No title question is involved.   The plaintiff is undoubtedly the owner of the bonds and money in question.   She is the widow and residuary legatee of the decedent and would take under his will if the property formed a part of his estate, but it is undoubted that a part of the money on deposit passed to her pursuant to R. S. 1944, Chap. 55, Sec. 36, and that the bonds did so in accordance with the terms of the contracts under which they were issued.   *Harvey* v. *Rackliffe*, 141 Me. 169; 41 A. (2nd) 455; 161 A. L. R. 296.

Neither the statute nor the contract negatives the right of the state to impose a tax on the succession. In *Succession of Tanner*, 24 So. (2nd) 642, a divided Louisiana Court held bonds of the United States issued in the names of two persons payable on the death of one to the survivor not subject to a tax on inheritances, but a later case in the same court, *Succession of Raborn*, 29 So. (2nd) 53, calls attention to the fact that the earlier decision gave no consideration to a stipulation contained in the circulars or regulations issued by the United States Treasury Department relative to such bonds as are in question, that they "shall be subject to * inheritance * * * taxes, whether Federal or State * * *."

The language of the inheritance tax law, R. S. 1944, Chap. 142, Sec. 2, Par. I (C), delimiting its operation on property passing by survivorship, is more than a complete answer to plaintiff's contention that the repeal of a portion of P. L. 1923, Chap. 25 eliminated joint deposits to the extent therein stated from the operation thereof. That language reaches all property passing:

"By survivorship in any form of joint ownership including joint bank deposits in which the decedent joint owner contributed during his lifetime * * *."

*Abatement denied.*
*Petition dismissed.*