MRS. LETTIE M. WATKINS AND MRS. LETTIE M. WATKINS, ADMINISTRATRIX OF THE ESTATE OF DR. GEORGE T. WATKINS, JR., v. EUGENE G. SHAW, COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA.

(Filed 17 July, 1951.)

1. **Courts § 12—**

Under the power of the Federal Government to borrow money, its regulations control title and succession by survivorship of Federal Savings bonds irrespective of the succession laws of the State. Federal Constitution, Art. I, Sec. 8, Clauses 2 and 18.

2. **Taxation § 28—**

A law imposing an inheritance tax is to be liberally construed to effectuate the intent of the Legislature, and all property fairly and reasonably coming within the provisions of such law may be taxed.

3. **Taxation § 18—**

An inheritance or succession tax is a burden imposed by government upon all gifts, legacies, inheritances and successions passing by will, intestate law, or deed or instrument *inter vivos* intended to take effect at or after the death of the grantor, and is not a tax on the property itself.

4. **Gifts § 1—**

The fact that the wife has access to United States Savings Bonds, Series E, made payable to either her or her husband, but bought with the husband's funds, is insufficient delivery to establish a gift to her *inter vivos.*

5. **Taxation § 28—**

United States Savings Bonds, Series E, bought with the funds of the purchaser and made payable to the purchaser or his wife as co-owners, and kept in a place accessible to both, but without a gift *inter vivos* of the bonds to the wife, are subject to state inheritance taxes upon the death of the husband, G.S. 105-2, since the wife acquires title to the bonds by succession as survivor under the Treasury regulations.

APPEAL by plaintiff from *Hatch, Special Judge,* April Term, 1951, of DURHAM.

This is a civil action to recover from the defendant, Eugene G. Shaw, Commissioner of Revenue of the State of North Carolina, the sum of $863.76, paid to the defendant on 9 May, 1950, under protest, in payment of inheritance taxes assessed upon United States Savings Bonds, Series E, together with interest thereon.

According to the allegations of the complaint, from time to time during the period beginning in October, 1942, and ending in December, 1945, Dr. George T. Watkins, Jr., purchased thirty-four United States Savings Bonds, Series E, of various denominations, having a cash surrender value at the time of his death on 11 May, 1948, of $19,884.00. Twenty-two of

these bonds, having a cash value on the date of his death of $10,409.00, were issued to Dr. George T. Watkins, Jr., or Mrs. Lettie May Watkins. The remaining twelve bonds having a cash value of $9,475.00, were issued to Mrs. Lettie May Watkins or Dr. George T. Watkins, Jr.

Dr. Watkins died intestate. All the bonds referred to herein were purchased by him out of his own funds and issued as directed by him. The bonds were kept in a place accessible to both Dr. Watkins and his wife, Mrs. Lettie May Watkins.

The defendant demurred to the complaint on the ground that it did not state a cause of action. The demurrer was sustained and the plaintiff appeals, assigning error.

*Basil M. Watkins and White & White for plaintiff.*
*Attorney-General McMullan, Assistant Attorneys-General Tucker and Abbott, and Edward B. Hipp, Member of Staff, for defendant.*

DENNY, J. This Court held in the case of *Ervin v. Conn,* 225 N.C. 267, 34 S.E. 2d 402, that the Federal Government has the power, pursuant to Article I, sec. 8, clauses 2 and 18, of the Constitution of the United States, to borrow money and to regulate and adjust its contracts within the compass of that power, so that title to its bonds may be subject to succession by survivorship, according to the terms of the contract, irrespective of the succession laws of the State.

All of the bonds involved herein contain certain provisions on their face, among them being the following: "This bond is issued pursuant to Treasury Department Circular No. 653, Second Revision, and is subject to the terms and conditions thereof and the regulations prescribed thereunder as fully as if herein set forth." And an examination of Treasury Department Circular No. 653, Second Revision, Part II, Section 4, reveals that it contains, among other things, the following provision: "The bonds shall be subject to estate, inheritance, gift or other excise taxes, whether Federal or State . . ."

The regulations issued by the Treasury Department of the United States governing payment or reissue of United States Savings Bonds registered in the name of two persons as co-owners, being Treasury Department Circular No. 530, defining the rights of the parties, and referred to in Circular No. 653, Second Revision, hereinabove referred to, contains these pertinent provisions: "(a) . . . During the lives of both co-owners the bonds will be paid to either co-owner upon his separate request without requiring the signature of the other co-owner. . . .(c) . . . If either co-owner dies without the bond having been presented and surrendered for payment or authorized reissue, the surviving owner will be recognized as the sole and absolute owner of the bond and payment or

reissue, as though the bond were registered in his name alone, will be made only to such survivor. . . ."

While, according to the plaintiff's complaint, the bonds which are the subject of this controversy, were kept in a place which was accessible to both Dr. Watkins and his wife, prior to his death, there is no allegation in the complaint to support the view that there was an *inter vivos* gift of the bonds by Dr. Watkins to his wife. On the contrary, it is quite clear from the plaintiff's pleadings that the absolute title to these bonds passed by succession, on the death of Dr. Watkins, co-owner, to his wife, Mrs. Lettie M. Watkins, as the sole and absolute owner thereof by survivorship, under the terms of the contract pursuant to which the bonds were issued.

Therefore, the question for us to determine is simply this: Should the cash value of United States Savings Bonds, Series E, issued and made payable to the purchaser or his wife, as co-owners, be included in the estate of the purchaser for inheritance tax purposes, where the purchaser expended his own funds in the acquisition of the bonds and kept them in a place accessible to both the purchaser and his wife, but made no *inter vivos* gift of the bonds to his wife? We think this question must be answered in the affirmative.

The defendant, Commissioner of Revenue of the State of North Carolina, is relying upon the provisions contained in G.S. 105-2, which levies an inheritance tax on property, real and personal, tangible and intangible, transferred "by deed, grant, bargain, sale, or gift made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death, including a transfer under which the transferor has retained for his life or a period not ending before his death (a) possession or enjoyment of, or the income from, the property or (b) the right to designate the persons who shall possess or enjoy the property or the income therefrom."

A law imposing an inheritance tax is to be liberally construed to effectuate the intention of the Legislature, and all property fairly and reasonably coming within the provision of such law may be taxed. *Reynolds v. Reynolds,* 208 N.C. 578, 182 S.E. 341; *Corporation Com. v. Dunn,* 174 N.C. 679, 94 S.E. 481; *S. v. Scales,* 172 N.C. 915, 90 S.E. 439; *Norris v. Durfey,* 168 N.C. 321, 84 S.E. 687. An inheritance or succession tax is defined as " 'A burden imposed by government upon all gifts, legacies, inheritances, and successions, whether of real or personal property, or both, or any interest therein, passing to certain persons . . . by will, by intestate law, or by deed or instrument made *inter vivos* intended to take effect at or after the death of the grantor.' Dos Passos (2 Ed.), sec. 2. . . . A succession tax is a tax on the right of succession to prop

erty, and not on the property itself." *In re Morris Estate,* 138 N.C. 259, 50 S.E. 682.

In our opinion the bonds involved herein were properly included in the estate of Dr. Watkins for inheritance tax purposes. The mere fact that his wife had access to the bonds prior to his death was insufficient evidence of their delivery to her to establish a gift *inter vivos.* We think the provision in the bonds with respect to ownership, constitutes a gift or transfer from Dr. Watkins to his wife, intended to take effect in possession or enjoyment at or after his death, in the event the bonds were not surrendered prior thereto. And since the bonds were not surrendered for payment or reissue prior to the death of Dr. Watkins, upon his death the title to the bonds passed by succession to Mrs. Watkins under the terms of the contract pursuant to which they were issued.

Other jurisdictions, having passed upon the precise question now before us, under statutes similar to or exactly like ours, have held that bonds transferred under circumstances similar to those in the instant case, are subject to inheritance taxes levied in the respective State. *In re Brown's Estate,* 122 Mont. 451, 206 P. 2d 816; *Succession of Raborn,* 210 La. 1033, 29 So. 2d 53; *Hallett v. Bailey,* 143 Maine 1, 54 A. 2d 533; *In re Myers' Estate,* 359 Pa. 577, 60 A. 2d 50; *Mitchell v. Carson,* 186 Tenn. 228, 209 S.W. 2d 20. We know of no authoritative decisions to the contrary.

The judgment of the court below is
Affirmed.