### In re RUMMEL'S Estate

RUMMEL et al., Appellants, v. STATE et al., Respondents

(49 N. W.2d 380)

(File No. 9198. Opinion filed October 2, 1951)

**Bailey, Voorhees, Woods & Fuller** and **H. L. Fuller,** Sioux Falls, for Appellants.

**Ralph A. Dunham,** Atty. Gen., **Benj. D. Mintener,** Asst. Atty. Gen., for Respondents.

SICKEL, J.   The question here presented arises under the state inheritance tax laws.   After Franklin Rummel, a resident of South Dakota, died there was found in his safety deposit box United States Saving Bonds payable either to "Franklin Rummel or Matilda Rummel" or to "Franklin Rummel or Jacob P. Rummel".   The bonds were purchased by decedent with his own money.   Matilda Rummel and Jacob P. Rummel were sister and brother of the deceased. In the inheritance tax report the executor of the estate of Franklin Rummel stated:   "Note: Decedent during his lifetime owned $30,543.00 United States Bonds payable to Franklin Rummel or Matilda Rummel and $48,203.00 United

States Bonds payable to Franklin Rummel or Jacob P. Rummel, which are not included in the foregoing report for the reason that they do not constitute a part of the estate of the decedent." Thereafter it was stipulated between the executor and the director of taxation that the issue of whether the bonds were subject to state inheritance tax be submitted to the court for determination. The county court, John T. Medin, circuit judge acting as county judge, decided that the bonds were taxable. Appeal was taken by the executor to the circuit court and there the order of the county court was affirmed. Then the executor appealed to this court.

SDC 57.2104 imposes an inheritance tax upon any transfer of property: "(3) When the transfer is of property made by a resident or by a nonresident when such nonresident's property is within this state, or within its jurisdiction, by deed, grant, bargain, sale, or gift, made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death".

There is no evidence in this case showing that these bond transactions constituted a transfer of property made in contemplation of the death of the donor. The question here presented is whether these bond transactions represented a transfer of property "intended to take effect in possession or enjoyment at or after such death" of the donor.

Federal regulations provide that upon death of one of the alternate payees the bonds may be paid to the survivor or may be reissued and registered in the name of the surviving co-owner. Title 31 § 315.11, Book 3, Part 1, Code of Federal Regulations, 1940 Supplement. The tax imposed by the statute is upon the transfer of possession and enjoyment of property. The bonds were purchased by decedent with his own funds and they remained in his exclusive possession until his death. He had the right to cash them at any time without the consent of the beneficiaries. Neither did the beneficiaries have any legal claim to the possession of the bonds before the death of the donor. The transfer of the right to possession and enjoyment of the bonds took effect upon the death of the donor. In re Myers'

Estate, 359 Pa. 577, 60 A.2d 50; State Board of Equalization v. Cole, 122 Mont. 9, 195 P.2d 989; Mitchell v. Carson, 186 Tenn. 228, 209 S.W.2d 20.

█ Appellants contend that these transactions are contracts for the benefit of third persons and that as such the beneficiaries acquired a vested though defeasible interest at the time the contracts were made. Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823, 158 A.L.R. 470, 478. If that contention were correct, the bonds were held in the joint names of the payees from the time of delivery by the United States Government to decedent, under the Federal regulation referred to herein, and they would then be subject to state inheritance tax under the provisions of SDC 57.2101, as amended by Ch. 293, S.L. 1943. In re Myers' Estate, 359 Pa. 577, 60 A.2d 50; State Board of Equalization v. Cole, 122 Mont. 9, 195 P.2d 989.

█ Appellants call attention to the fact that some of the bonds were purchased by decedent prior to July 1, 1943, the effective date of Ch. 293, S.L. 1943, and they contend that to impose an inheritance tax upon the bonds so purchased would give a retroactive effect to that statute. Since we have reached the conclusion that the transfer of the right to possession and enjoyment of all bonds took effect upon the death of the donor, no joint tenancy was created and the bonds are therefore not taxable under the 1943 amendment.

Judgment affirmed, without costs to either party.