RAFAEL A. VEVE, ET AL., querellantes, apelados y apelantes, *v.* SECRETARIO DE HACIENDA, querellado, apelante y apelado.

Número 11103.

*Sometido:* 5 de abril de 1954.   *Resuelto:* 7 de octubre de 1955.

732

*Félix Ochoteco, Jr.,* abogado de los apelados-apelantes; *Hon. Secretario de Justicia, José Trías Monge* y *J. C. Santiago Matos, Procurador Auxiliar,* abogados del apelante-apelado.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

El presente es un recurso de apelación de sentencia del Tribunal Superior en un caso instado por los demandantes, como únicos y universales herederos de Jorge Bird Arias, contra el Secretario de Hacienda por contribuciones sobre herencia impuestas bajo la Ley núm. 303, Leyes de Puerto Rico, 1946 ((1) pág. 783). La primera partida envuelve la negativa del Secretario a conceder a los demandantes, bajo la sec. 5(*a*) de la ley, un crédito ascendente a $13,761.15, importe de contribuciones federales sobre bienes relictos pagadas al Comisionado Federal. En este caso, contrario a la situación del de *Emanuelli* v. *Secretario de Hacienda,* resuelto en el día de hoy, ante pág. 722, los demandantes radicaron ante el Comisionado una solicitud de reintegro, que aún no había sido resuelta a la fecha de la vista ante el tribunal sentenciador. El Secretario ha apelado de la sentencia en tanto en cuanto la misma sostuvo el derecho de los demandantes a este crédito, siempre y cuando que ". . . dicho reintegro se efectúe cuando los demandantes acrediten en forma definitiva no tener derecho a la reclamación de reintegro de la misma cantidad que tienen radicada ante el Comisionado de Rentas de Estados Unidos, a menos que el Secretario de Ha-

cienda, bien mediante afianzamiento o en alguna otra forma que acuerde con los demandantes, disponga otro método para efectuar dicha devolución." Por los motivos expuestos en el caso de *Emanuelli*, no encontramos error alguno en esta actuación del Tribunal Superior. *Cf.* sec. 5 (*c*) de la Ley núm. 303.

El Secretario sostiene que los demandantes no han sufrido el peso de la contribución, según lo exige la Ley núm. 232, Leyes de Puerto Rico, 1949 ((1) pág. 721), ya que han solicitado el reintegro de la contribución federal sobre bienes relictos. La contestación a este argumento es que los demandantes no recibirán crédito bajo la sec. 5 (*a*) por la contribución federal si en definitiva se les hace un reintegro de esta última; es sólo si los demandantes de hecho sufren el peso de la contribución federal porque definitivamente se deniegue la solicitud de reintegro de la misma que se les concederá un crédito por ella bajo la sec. 5 (*a*). No tiene méritos el argumento del Secretario al efecto de que una causa de acción por el crédito nacería por primera vez cuando se deniegue finalmente la solicitud de reintegro de la contribución federal. La causa de acción, de haber alguna, surgió cuando ocurrieron los hechos. El único efecto de la acción posterior del Comisionado Federal y de las cortes federales será reconocer si la causa de acción siempre ha existido o no.

El Secretario arguye que hasta donde están envueltos bienes gananciales el crédito por la contribución federal sobre bienes relictos—pagada sobre todos los bienes—debe concederse solamente por el importe de la contribución federal pagada sobre bienes realmente heredados y por consiguiente no debe haber crédito por aquella parte de la contribución federal sobre bienes relictos, de haber alguna, pagada sobre la participación de la viuda en la sociedad de gananciales. Ésta es otra fase del argumento que rechazamos en el caso de *Emanuelli* v. *Secretario de Hacienda*, resuelto en el día de hoy. En dicho caso dijimos que bajo la sec. 5 (*a*) la Asamblea Legislativa tuvo por miras que se concediera un crédito por la contribución federal sobre bienes relictos no empece el

hecho de que dichos bienes—y no los herederos individuales como en nuestro estatuto—responden de la contribución federal. En igual forma aquí la norma es si se pagó una contribución federal sobre transferencias. De ser así, a tenor con la sec. 5 (*a*) se concede a los herederos un crédito por ella, no obstante la diferencia existente entre las dos leyes en sus materias tributables y mecanismos.

Por consiguiente no encontramos mérito en la apelación del Secretario contra la sentencia en tanto en cuanto la misma concede tentativamente un crédito bajo la sec. 5 (*a*) por contribuciones federales sobre bienes relictos, sujeto a que los demandantes prueben en el futuro que su reclamación de reintegro de la contribución federal fué definitivamente rechazada por las cortes federales. Los demandantes a su vez apelaron de la sentencia en tanto en cuanto la misma resolvió que estaban sujetos al pago de nuestra contribución sobre herencia por varios bonos de los Estados Unidos expedidos a nombre del causante o uno de sus herederos. (¹)

■■ Los estatutos y reglamentos federales disponen que si los bonos de los Estados Unidos aquí envueltos se expiden a nombre de dos personas en la alternativa, la que de éstas sobreviva será la dueña exclusiva. Hemos resuelto, de conformidad con el gran peso de las autoridades, que estos estatutos y reglamentos federales—como parte del contrato de préstamo entre el comprador y el Gobierno Federal—son los que gobiernan la situación; y por tanto que a la muerte de uno de los tenedores el que sobrevive es el único dueño de los bonos, con exclusión de los herederos del finado. *De Jesús, Ex parte; De Jesús, Opositores*, 68 D.P.R. 697; 31 U.S.C. sec. 757*c*; 31 *Code of Federal Regulations*, Sup. 1955, secs. 315.1, 315.45 (*c*) ; Anotación, 37 A.L.R.2d 1221.

(¹) Estos bonos se expidieron a nombre de Jorge Bird Arias o Manuela Cerra de Bird; Jorge Bird Arias o Jorge Bird Cerra, etc. De los autos no surge el importe de la contribución atribuíble a la inclusión de los bonos en los bienes heredados, ya que esta partida fué englobada con una en relación con el producto de pólizas de seguros y los demandantes han desistido de su apelación en cuanto a esta última partida. La reclamación de reintegro sobre estas dos partidas ascendía a $23,849.80.

■■ Sin embargo, aquí no hay controversia alguna en cuanto al dominio: se admite que los demandantes—los sobrevivientes—son los únicos dueños de los bonos. El problema más bien es si los demandantes vienen obligados a pagar nuestra contribución sobre herencia al transferírseles los bonos en virtud de la muerte de Jorge Bird Arias, la otra persona que acompañaba a cada uno de ellos en la alternativa como dueño de los bonos. Esta es una cuestión nueva que todavía no se ha resuelto en esta jurisdicción. Y el punto decisivo para dicho propósito no es que los demandantes sean ahora dueños exclusivos de los bonos sino cómo vinieron a ser dueños de los mismos.

La Constitución Federal no prohibe la inclusión de bonos de los Estados Unidos al calcular una contribución estatal sobre herencia. La teoría es que la contribución se impone sobre el derecho o privilegio a recibir los bienes, y no sobre los bienes propiamente dichos. *Plummer* v. *Coler*, 178 U. S. 115; *Mitchell* v. *Carson*, 209 S.W.2d 20, 21 (Tenn., 1948); *Waddell* v. *Doughton*, 140 S. E. 160 (N.C., 1927); Anotación, 39 A.L.R.2d 699, 701–2; véase 1 Paul, *Federal Estate and Gift Taxation*, sec. 4.10, págs. 202–5. Y los estatutos y reglamentos federales pertinentes específicamente reconocen el derecho de los estados a imponer contribuciones sobre herencia sobre bonos de los Estados Unidos. 31 U.S.C. secs. 747, 757 (d); *Succession of Raborn*, 29 So.2d 53 (La., 1946); *Hallett* v. *Bailey*, 54 A.2d 533 (Me., 1947); *Mitchell* v. *Carson*, supra; Anotación, 39 A.L.R.2d 698, 702. En su consecuencia, si los bonos en este caso se hubieran expedido únicamente a nombre del finado, los demandantes como herederos suyos hubieran estado sujetos a nuestra contribución sobre herencia. Los demandantes están de acuerdo con esta proposición. Pero arguyen que aquí no ocurrió evento tributable alguno porque los bonos no eran parte del caudal hereditario. No estamos de acuerdo. Mientras los dueños alternados vivan el pago le será hecho a tenor con los reglamentos federales a cualquier condueño á solicitud individual

suya si presenta el bono para cambio, y este pago extingue cualquier interés del otro condueño en el bono. 31 *Code of Federal Regulations*, Sup. 1955, sec. 315.45 (*a*). El tribunal sentenciador resolvió que los bonos ". . . fueron retenidos en vida del causante por él en su caja, y en momento alguno fueron puestos a disposición o en manos de persona otra alguna." En consecuencia, de conformidad con los reglamentos federales no había medio alguno por el cual los demandantes pudieran hacer efectivos estos bonos en que ellos aparecían como dueños en la alternativa mientras el causante estuviera vivo; solamente este último, en vista de su control físico de los bonos, pudo haber recibido el pago por la suma total de los bonos durante su vida. De esto surge que los demandantes recibieron derechos efectivos como dueños de los bonos por vez primera al ocurrir la muerte del causante. Y bienes transmitidos a donatarios en virtud de la muerte del donante están sujetos al pago de nuestra contribución sobre herencia bajo los amplios términos de la sec. 1 de la Ley núm. 303.

Los casos en que descansan los demandantes en su alegato, sosteniendo sus derechos como dueños exclusivos de los bonos, no son de aplicación. El problema aquí no es el dominio sino si la transferencia es tributable. Y sobre esta cuestión todos los casos que hemos encontrado apoyan nuestro criterio. Cuando, como ocurre aquí, en ausencia de prueba sobre fraude y sobre otras cuestiones pertinentes, bajo los reglamentos federales (1) se expiden bonos de los Estados Unidos a nombre de dueños alternados; (2) el tenedor en posesión de los mismos puede hacerlos efectivos con exclusión del otro tenedor; (3) los bonos permanecen en la exclusiva posesión y dominio de uno de los tenedores hasta el momento de su muerte; y (4) el sobreviviente adquiere por vez primera derechos efectivos de dominio en virtud de la muerte del causante, el sobreviviente viene obligado al pago de la contribución estatal sobre herencia sobre tales bonos. *In re Rummel's Estate*, 49 N.W.2d 380 (S.D., 1951); *Watkins* v. *Shaw*, 65

S.E.2d 881 (N.C., 1951); *Mitchell* v. *Carson,* supra; *In re Myers' Estate,* 60 A.2d 50 (Pa., 1948); *State Board of Equalization* v. *Cole,* 195 P.2d 989 (Mont., 1948); *Hallett* v. *Bailey,* supra; *Succession of Raborn,* supra; Anotación, 39 A.L.R.2d 698, 707. De ser necesario algo más, la contribución federal sobre bienes relictos se impone en los Estados Unidos continentales al sobreviviente bajo las circunstancias que aquí concurren. Véanse 3 P–H 1952 Fed. Tax Serv., par. 23,237; I Paul, supra, sec. 410, pág. 205. El mismo principio básico se aplica para que el sobreviviente quede sujeto a nuestra contribución sobre herencia.([2])

La cuestión restante es si los demandantes vienen obligados al pago de contribuciones sobre herencia por la mitad o por el valor total de los bonos. Convenimos con los casos que resuelven que bajo las circunstancias de este caso la contribución se impone sobre el total de los bonos. *State Board of Equalization* v. *Cole, supra,* págs. 995–7; *In re Myers' Estate,* supra; *Watkins* v. *Shaw,* supra; *Mitchell* v. *Carson,* supra; Anotación, 39 A.L.R.2d 698, 709–11. Véanse *In re Marsh's Estate,* 234 P.2d 459 (Mont., 1951); *United States* v. *Jacobs,* 306 U. S. 363. Ya hemos visto (1) que el sobreviviente no tenía derecho efectivo alguno a recibir nada mientras estuviese vivo el causante porque éste, mientras estuviese en posesión y dominio absoluto de los bonos, era la única persona con derecho a hacerlos efectivos, y (2) que la muerte del dueño alternado fué el acto decisivo para que el título exclusivo al importe total de los bonos traspasase al

---

([2]) En *Watkins* v. *Shaw,* supra, la Corte en un caso similar dijo a la pág. 883: "Somos de opinión que la disposición en los bonos con respecto a dominio, constituye una donación o transferencia del Dr. Watkins a su esposa, con miras a que fuera efectiva a o después de su muerte, en caso de no haberlos hecho efectivos antes. Y toda vez que los bonos no fueron hechos efectivos o no se expidieron nuevos bonos antes de la muerte del Dr. Watkins, al ocurrir ésta el título a los mismos pasó por sucesión a la Sra. Watkins, bajo los términos del contrato a tenor con el cual fueron expedidos." Y luego de citar los casos en que descansamos en este caso, la Corte añadió a la pág. 883: "No conocemos casos de tribunales de última instancia en sentido contrario."

738 sobreviviente. Por consiguiente cuando murió Jorge Bird Arias, ocurrió una transferencia a los demandantes la cual estaba sujeta al pago de contribuciones con respecto al importe total de los bonos y no meramente a la mitad de los mismos.

*La sentencia del Tribunal Superior será confirmada.*

El Juez Asociado Sr. Sifre no intervino.

El Juez Asociado Sr. Belaval disintió.