73 N.W.2d 123 (1955)
ESTATE of Albert J. MESSERSCHMIDT, a/k/a A. J. Messerschmidt, Deceased.
STATE of South Dakota and Oliver Bender as Assistant Director of Taxation of the State of South Dakota, Appellants,
v.
John MESSERSCHMIDT, Executor of the Estate of Albert J. Messerschmidt a/k/a A. J. Messerschmidt, Deceased, Respondent.
No. 9533.
Supreme Court of South Dakota.
November 22, 1955.
*124 Phil Saunders, Atty. Gen., Olin C. Thompson, Asst. Atty. Gen., for appellants.
Lester H. Herbrandson, Brookings, for respondent.
RUDOLPH, Presiding Judge.
The state has appealed from a judgment of the circuit court of Brookings County decreeing that certain United States Savings Bonds held jointly in name of the deceased and another are taxable for inheritance tax purposes at one-half of their value. The state contends that such bonds are taxable at their full value.
This court in the case of In re Rummel's Estate, 74 S.D. 131, 49 N.W.2d 380, held that the United States Savings Bonds there involved were taxable at their full value, but since the decision in that case there has been enacted Chap. 464, Laws of 1953, upon which the trial court based its decision. As in the Rummel case, so also in this case, the bonds were purchased by decedent and retained in his possession and under his control until his death.
In the Rummel case we held that the tax imposed by SDC 57.2104(3) was upon the transfer of property intended to take effect in possession or enjoyment at or after death, and that Government Savings Bonds purchased by decedent with his own funds, kept in his exclusive possession until death gave the named co-owner no interest in the bonds prior to the death of the decedent and that, therefore, the transfer of the right to possession and enjoyment of the bonds took effect upon death and was taxable under the provisions of SDC 57.2104(3).
We further held that such bonds were not taxable under Chap. 293, Laws of 1943, (8) SDC Supp. 57.2101(8), for the reason that no joint tenancy was created by the purchase of these bonds and naming a co-owner. We based our decision upon the reasoning of the Pennsylvania and Montana courts in the cases of In re Myers' Estate, 359 Pa. 577, 60 A.2d 50, and State Board of Equalization v. Cole, 122 Mont. 9, 195 P.2d 989.
The 1943 law, which we held was not applicable to the bonds in the Rummel case because such bonds were not held in joint tenancy, is as follows:
" `Joint property', whenever property, real or personal, is held in the joint names of two or more persons, or is deposited in banks or other institutions or depositaries in the joint names of two or more persons and payable to either or the survivor, upon the death of one of such persons, the right of the surviving joint tenant or joint tenants, person or persons, to the immediate ownership or possession and enjoyment *125 of such property shall be deemed a transfer taxable under the provisions of this Act in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased joint tenant or joint depositor and had been devised or bequeathed to the surviving joint tenant or joint tenants, person or persons, by such deceased joint tenant or joint depositor by will, excepting therefrom such part thereof as may be proved by the surviving joint tenant or joint tenants to have originally belonged to him or them and never to have belonged to the decedent."
Chap. 464, Laws of 1953, is an amendment of the 1943 law and is as follows:
"That subsection (8) of SDC Supp. 57.2101 be, and the same is hereby, amended to read as follows:
"(8) `Joint Property'
"(a) Whenever any property, real or personal, is held in the joint names of two or more persons, or is deposited in banks or other institutions or depositories in the joint names of two or more persons, so that upon the death of one of them the survivor or surviors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a transfer, taxable under the provisions of this act, of a fractional portion of such property, to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant.
"(b) This subsection shall apply to all joint property transfers as defined whether created or existing before or after the effective date of this act."
Clearly both the 1943 and 1953 laws relate to joint tenancies, and neither is applicable to the bonds here involved for as stated in the Rummel case the transaction relating to these bonds constituted a transfer of property intended to take effect in possession or enjoyment after death, and no interest was created in the named co-owner at the time the bonds were purchased.
As we view the 1953 law it simply changed the method of determining what constituted a taxable transfer upon the death of a joint tenant. Such being the purpose of the law it left unaffected the rule announced in the Rummel case.
The judgment appealed from is reversed.
All the Judges concur.