RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; ANTONIO RULLÁN, interventor.

Núm. 116.—*Sometido:* Junio 3, 1947. *Resuelto:* Julio 9, 1947.

*Hon. Procurador General Luis Negrón Fernández y Elmer Toro Lucchetti, Procurador General Auxiliar,* abogados del peticionario; *J. J. Ortiz Alibrán,* abogado del interventor, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Los hermanos José, Salvador y Antonio Rullán son los principales accionistas de Sucrs. de A. Mayol & Co., Inc. En 19 de junio de 1940 cada uno de los dos primeros vendió al último 400 de las acciones por ellos poseídas en dicha corporación,[1] siendo el entendido entre ellos que Antonio les pa-

---

[1] Las ventas se efectuaron por el valor a la par de $100 por acción. El valor estimado de cada una de éstas era de $120 a $125.

garía los intereses a razón del 8 por ciento anual sobre el importe de las mismas, así como el valor de éstas, "cuando él quisiera." Dichos hermanos no llevan libros de contabilidad, y la venta de las acciones se hizo constar solamente en los Registros de Accionistas y de Transferencias y en los libros Jornal y Mayor de la Corporación. Durante los años 1940 y 1941 Antonio no pagó suma alguna a sus hermanos por intereses sobre el valor de estas acciones, pero en octubre de 1942 pagó a cada uno de éstos la cantidad de $7,476.66 por concepto del referido 8 por ciento anual sobre el valor a la par de las acciones. Al rendir su planilla de contribución sobre ingresos por el año 1942 Antonio dedujo en ella no sólo el monto de dichos intereses, sino también el de otros intereses pagados a sus citados hermanos por razón de préstamos personales tomados por él a ellos. El Tesorero de Puerto·Rico rechazó dichas deducciones y luego de presentarse la correspondiente moción de reconsideración y solicitud de vista administrativa[2] y de ser declaradas las mismas sin lugar por dicho funcionario, el aquí interventor Antonio Rullán acudió ante el Tribunal de Contribuciones.[3]

Después de una vista en sus méritos, durante la cual se presentó por las partes una estipulación y se ofreció prueba testifical y documental, el Tribunal de Contribuciones dictó resolución con fecha 6 de septiembre de 1946 declarando con lugar la querella en todos sus extremos. Contra esa resolución ha acudido el Tesorero de Puerto Rico ante nos por *certiorari*[4] y librado el mismo, sostiene en apoyo de éste, que "El Tribunal de Contribuciones erró al interpretar la sección 16 de la Ley de Contribuciones sobre Ingresos y resolver que bajo las disposiciones de la misma el contribuyente podía deducir de sus ingresos las sumas que por concepto de intereses fueron acreditados a sus hermanos."

---

[2] Véase la sección 57(a) de la Ley de Contribuciones Sobre Ingresos núm. 74 de 6 de agosto de 1925, pág. 401, según fué enmendada por la Ley núm. 23 de 21 de noviembre de 1941, Ses. Ext. págs. 73 y 81.

[3] Ley 169 de 15 de mayo de 1943, pág. 601.

[4] Ley 169 supra, sección 5, pág. 609.

Antes de proseguir conviene hacer constar que la prueba también tiende a demostrar que Antonio Rullán pagó contribuciones por el importe de los dividendos por él recibidos, correspondientes a las 800 acciones adquiridas de sus hermanos; que todos ellos rendían planillas a base de "recibido y pagado" (*cash basis*); y que José y Salvador declararon como ingreso en sus respectivas planillas el importe de los intereses percibidos de Antonio en 1942 con motivo del traspaso de las acciones. Además, que no hay controversia alguna respecto a la legitimidad de las transacciones o de los asientos que figuran en los libros de la corporación, girando únicamente la controversia en torno de si los intereses pagados por el aquí interventor a sus hermanos son o no deducibles de sus ingresos brutos por el referido año.

■ La sección 16(a)(2) de la Ley de Contribuciones sobre Ingresos (Núm. 74 de 6 de agosto de 1925, pág. 401), según fué enmendada por la Ley núm. 31 de 12 de abril de 1941 ((1) págs. 479, 495) reza en lo pertinente así:

"Sección 16.—(*a*) Al computar el ingreso neto se admitirán como deducciones:

"* * * * * * *

"(2) Todos los intereses pagados o vencidos dentro del año contributivo sobre deudas, . . . *Disponiéndose,* que no son deducibles intereses algunos, si son pagaderos entre miembros de una familia . . ."

El Tribunal de Contribuciones al fallar el caso en favor del interventor cita del Vol. 4, sección 26.02, pág. 536, de Mertens, "Law of Federal Income Taxation". Sin embargo, si se examina dicha obra se notará inmediatamente que el texto del Código de Rentas Internas Federal que allí se cita lo es el de la enmienda introducida a dicha Ley en 1938 y que ese contexto no es similar, sino enteramente distinto al de la enmienda introducida en 1941 a la Ley de Contribuciones sobre Ingresos de Puerto Rico, que en lo esencial hemos copiado más arriba. Siendo ello así, lo expresado en la indicada obra no es de aplicación al caso que nos ocupa.

El Tribunal de Contribuciones también da énfasis en su opinión al hecho de que los intereses *no eran pagaderos* entre Antonio Rullán y sus hermanos, sino que por el contrario *ya habían sido pagados*. A nuestro juicio la decisión del Tribunal de Contribuciones de Puerto Rico es igualmente insostenible a ese respecto.

La letra clara de nuestro estatuto es al efecto de que no son deducibles intereses algunos si son *pagaderos* entre miembros de una familia. Se da por admitido que los intereses fueron pagados por el interventor a sus dos hermanos. El parentesco es incuestionable. El hecho de que la ley use la palabra *pagaderos* no tiene a nuestro juicio el alcance restringido que le dió el Tribunal de Contribuciones. El propósito del legislador fué no permitir la deducción de intereses que pasaran de un miembro de una familia a otro. El hecho de que en vez de usarse la palabra *pagados* se usara la palabra *pagaderos* no altera la situación.

Debe recordarse, además, que las deducciones son una gracia legislativa y que las mismas deben siempre interpretarse restrictivamente en contra de la persona que alega tener derecho a ellas. Éstas, al igual que las exenciones, deben aparecer siempre con toda claridad en los estatutos que las conceden y no deben ser objeto de dudas. *White* v. *United States,* 305 U.S. 281, 292 y *Deputy* v. *Du Pont,* 308 U.S. 488, 493.

Es cierto que existen innumerables casos en que se ha permitido la deducción de intereses pagados entre miembros de una familia. Sin embargo, ello ha ocurrido así al interpretarse estatutos que no contienen la prohibición que aparece en el nuestro. Véase por ejemplo el caso de *Montgomery* v. *Thomas,* 146 F.2d 76, 81, en el cual se resolvió que los intereses pagados por un padre a sus hijos eran deducibles por aquél. Allí, no obstante, se interpretaba la Ley de Rentas Internas Federal según fué enmendada en 1938 (52 Sta. 447) y ella autoriza que se deduzcan de los ingresos brutos los intereses sobre deudas, pagados o vencidos dentro del año

contributivo. Como se verá, esa sección de la Ley Federal sólo contiene la parte introductoria de la sección 16(a)(2) de nuestra Ley de Contribuciones sobre Ingresos, mas no el *Disponiéndose* de la misma a que reiteradamente nos hemos referido.

*Se dictará sentencia revocando la resolución dictada por el Tribunal de Contribuciones en el caso I–209 T.C. de dicho Tribunal.*