ROIG COMMERCIAL BANK, demandante y apelante, *v.*
SECRETARIO DE HACIENDA, demandado y apelado.

Número 11481.

*Sometido:* 27 de marzo de 1961. *Resuelto:* 11 de abril de 1961.

*James R. Beverley, R. Castro Fernández y Francisco Castro
Amy,* abogados del apelante; *José Trías Monge, Secretario
de Justicia y Arnaldo P. Cabrera, Procurador Auxiliar,* abogados del apelado; *Luis E. Dubón y R. García Cintrón,* como
*amici curiæ y Miguel Marcos Morales,* como *amicus curiæ.*

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión
del Tribunal.

En *Roig Commercial Bank* v. *Buscaglia,* 74 D.P.R. 986
(1953) resolvimos que para que pueda concederse un crédito
a una corporación bajo las disposiciones de la sección 36(*a*)
de la Ley de Contribuciones sobre Ingresos de 1924 (13 L.P.
R.A. sec. 739(*a*), por el importe de contribuciones pagadas
al Gobierno de Estados Unidos es necesario que dichas contribuciones se refieran a ingresos que estén sujetos a contribución en Puerto Rico, o sea, que formen parte de su
ingreso bruto tributable localmente. El propósito de la

concesión de este crédito es evitar una doble tributación. En su consecuencia, rechazamos la concesión de un crédito por contribuciones federales satisfechas en relación con ingresos por concepto de intereses provenientes de obligaciones de Estados Unidos por estar estos intereses exentos de tributación en Puerto Rico, y no estar incluidos en el ingreso bruto según las disposiciones de la sección 31(a) en relación con la sección 15(b)(4) de dicha ley (13 L.P.R.A. secs. 734(a) y 694(b)(4)),([1]) y por tanto, no formar parte del ingreso tributable.

En el presente recurso se plantea si una corporación, a la cual se le rechazó como crédito el importe de la contribución de ingresos satisfecha al Gobierno Federal por intereses devengados de obligaciones y bonos de Estados Unidos, puede reclamar tal cantidad como deducción de su ingreso bruto, de conformidad con la sección 32(a)(3)(b) de la Ley (13 L.P.R.A. sec. 735(a)(3)(b)), según esta regía en 1947, y que al efecto dice:

"Sección 32.—(a) Al computar el ingreso neto de una corporación o sociedad sujeta a la contribución impuesta por la sección 28, se admitirán como deducciones:

(1) . . . . . . . .

(2) . . . . . . . .

(3) Las contribuciones pagadas o acumuladas dentro del año contributivo a excepción: (a) . . . (b) De la parte de las contribuciones sobre ingresos y sobre beneficios excesivos impuestas

---

([1]) Las secciones 31(a) y 15(b)(4) leen como sigue:

"Sección 31.—(a) En el caso de una corporación o sociedad sujeta a la contribución impuesta por la sección 28 el término 'ingreso bruto' significa el ingreso bruto definido en las secciones 15 y 19 . . ."

"Sección 15.—A los efectos de este título, excepto lo que en otro sentido dispone la sección 31:

(a) . . . . . . . .

(b) El término 'ingreso bruto' no incluye los siguientes ingresos, que estarán exentos de tributación a virtud de este título:

(1) . . . . . . . .

(2) . . . . . . . .

(3) . . . . . . . .

(4) Intereses sobre (a) las obligaciones de los Estados Unidos; . . ."

por autoridad de los Estados Unidos, cualquier posesión de los Estados Unidos que no sea Puerto Rico, o cualquier país extranjero, que es admitida como un crédito a virtud de la sección 36 . . . . . . . .
. . . . . . . ."

La parte demandante Roig Commercial Bank es una corporación bancaria organizada de acuerdo con las leyes de Puerto Rico, que realiza negocios en Puerto Rico y tiene su oficina principal en la ciudad de Humacao. Durante el año 1949 pagó al Gobierno Federal la suma de $8,393.23 por concepto de contribuciones de ingresos sobre intereses recibidos de bonos de Estados Unidos de América. En la declaración que rindió en el año 1949 reclamó la cantidad así satisfecha como una deducción de su ingreso bruto. El Secretario de Hacienda rechazó esta deducción, y en consecuencia, notificó a la demandante en 2 de noviembre de 1953(²) una deficiencia por la suma de $3,888.25, intereses y penalidades. La actuación del Secretario fue evidentemente alentada por el lenguaje de la opinión del caso de *Roig*, supra, que copiamos a continuación(³) (a las págs. 992–993) :

"(2) La sección 30 dispone que en el caso de una corporación el término 'ingreso neto' significa el ingreso bruto definido en la sección 31 (o sea, en la sección 15) menos las deducciones admitidas en las secciones 32 y 9. La sección 32, en su inciso (*a*) (3), admite, en parte, como deducciones, 'las contribuciones

---

(²) La opinión de este Tribunal en *Roig Commercial Bank* v. *Buscaglia*, 74 D.P.R. 986, lleva fecha de 19 de mayo de 1953.

(³) En otro caso pendiente ante nos que envuelve idéntica cuestión a la que ahora consideramos (*Banco de Ponce* v. *Secretario de Hacienda*, Apelación Núm. 11,702), el Secretario admitió expresamente que "hasta el año 1954 fue la práctica administrativa conceder como una deducción del ingreso bruto las contribuciones sobre ingresos pagadas al Gobierno de Estados Unidos sobre intereses de obligaciones de dicho Gobierno. En 19 de mayo de 1953 nuestro Tribunal Supremo resolvió el caso de *Roig Commercial Bank* v. *Buscaglia*, 74 D.P.R. 986 en el cual se dijo que las contribuciones pagadas al Gobierno de los Estados Unidos sobre ingresos de bonos de dicho Gobierno no podían tomarse ni como un crédito *ni como una deducción*, aunque admite el demandado *que la cuestión de la deducción no estaba ante dicho tribunal en ese caso*."

pagadas o acumuladas dentro del año contributivo, a excepción: . . . de la parte de las contribuciones sobre ingresos y sobre beneficios excesivos impuestas por autoridad de los Estados Unidos, cualquier posesión de los Estados Unidos que no sea Puerto Rico, o cualquier país extranjero, que es admitida como crédito a virtud de la sección 36'. *Las contribuciones que forman parte del crédito señalado en la sección 36 son exceptuadas de las contribuciones que integran la deducción reconocida en la sección 32.* De no haber existido la sección 36, tales contribuciones hubieran formado parte de la deducción. La contribución sobre los intereses en discusión no forma parte del ingreso bruto y, por lo tanto, no tenía que ser deducida del ingreso bruto.([3a]) En su consecuencia, la deducción de contribuciones concedida en la sección 32 no incluye la contribución específica sobre intereses de obligaciones de los Estados Unidos, *la cual no puede servir,* por lo tanto, *como excepción a tal deducción* ni como parte del crédito señalado en la sección 36. La excepción es sinónimo del crédito, y una partida no puede ser excepción de una suma total si esa excepción no es parte de la suma total. La sección 36 se refiere a otras contribuciones federales distintas a la contribución sobre los intereses en controversia." (Énfasis suplido.)

No conforme con la actuación del Secretario, la demandante recurrió al Tribunal de Contribuciones, que sostuvo la deficiencia impuesta, descansando en el *dictum* transcrito. Contra la sentencia dictada se ha recurrido para ante este Tribunal, y se solicita se sostenga que la deducción es admisible *a)* bajo las disposiciones de la sección 32(*a*)(3); o, *b)* bajo las disposiciones de la sección 32(*a*)(1), por constituir gastos ordinarios y necesarios del negocio del contribuyente.([4])

---

([3a]) Evidentemente se trata de un lapso al decir que "las contribuciones sobre los intereses en discusión no forma parte del ingreso bruto"; y esta oración debe entenderse como que los intereses de obligaciones federales no forman parte del ingreso bruto.

([4]) Concedimos permiso para intervenir como *amici curiæ* a los abogados del Banco de Ponce. Consideramos de justicia consignar que el alegato presentado por el Lic. Raimundo García Cintrón ha sido muy aleccionador y nos ha facilitado, en gran medida, la resolución de este caso.

■■ La posición del Secretario es al efecto de que un gasto que no es atribuible al ingreso tributable, como lo son las contribuciones federales sobre los intereses de obligaciones y bonos de Estados Unidos, no debe reconocerse como deducción al ingreso bruto. En otras palabras, que para que esta deducción sea admisible tiene que referirse a un ingreso incluido en el ingreso bruto tributable. Este razonamiento es válido cuando se trata de créditos contra la contribución a pagarse porque el propósito obvio es evitar la doble tributación. *Roig Commercial Bank* v. *Buscaglia*, 74 D.P.R. 986 (1953). Ahora bien, en cuanto a deducciones se refiere, no se nos ha citado autoridad alguna para sostener que la concesión de una deducción depende *exclusivamente* de que se refiera o se relacione con alguna partida incluida en el ingreso bruto. Sabido es que las deducciones son cuestión de gracia legislativa. *Descartes* v. *Tribunal de Contribuciones*, 71 D.P.R. 248, 254 (1950); *Buscaglia* v. *Tribunal de Contribuciones*, 67 D.P.R. 585 (1947). En materia de deducciones no creemos que entre necesariamente en juego el propósito de evitar la doble tributación. Un examen de las secciones 16 y 32 en su totalidad demostrará que el legislador ha concedido determinadas deducciones, sin que tengan relación alguna con el ingreso bruto del contribuyente. Así, por ejemplo, se permite la deducción de intereses pagados "sin restricción alguna", *Comunidad Fajardo* v. *Tribl. Contribuciones*, 73 D.P.R. 543, 553 (1952), y entre ellos, los relacionados con deudas para el financiamiento de la adquisición o construcción de hogares (inciso 2(a) de la sec. 32); de pérdidas sufridas y no compensadas por seguro (inciso 4(a) de la sección 32) cf. *Banco de Ponce* v. *Secretario de Hacienda*, 81 D.P.R. 442, 453 (1959); de cuotas y donativos hechos a determinadas entidades (inciso 10(c) de la sección 32); y en el caso de individuos, de la mitad de los gastos médicos y otros relacionados (inciso 11 de la sección 16). En igual forma, se permite la deducción de

las contribuciones territoriales satisfechas sobre la residencia del contribuyente, el importe satisfecho por concepto de arbitrios sobre espectáculos públicos, y hasta 1954,(⁵) de la contribución de herencia pagada por los herederos, *Descartes* v. *Tribunal de Contribuciones*, 79 D.P.R. 135 (1956), a pesar de que se excluía expresamente del ingreso bruto "el valor de propiedad adquirida por donación, legado o herencia". (Sec. 15(*b*)(3) (13 L.P.R.A. sec. 694(*b*)(3).) Es significativo además, que cuando se refiere a la deducción de intereses pagados, no se admiten aquellos satisfechos en relación con deudas incurridas o prorrogadas para la compra o adquisición de obligaciones o valores que no sean obligaciones de Estados Unidos emitidas después de septiembre 24 de 1917 cuyo *interés está totalmente exento de tributación*.(⁶) Es decir, que cuando se trata de deudas para adquirir bonos u obligaciones del Gobierno Federal, los intereses sobre estos préstamos eran deducibles, a pesar de que los réditos que producían tales obligaciones no eran incluibles en el ingreso bruto, por exclusión expresa de la ley. Al igual que en el sistema contributivo federal, en Puerto Rico se concede una deducción general de todas las contribuciones pagadas o acumuladas dentro del año contributivo, y se procede, por vía de enumeración, a indicar aquellas que no son deducibles. Tal vez hubiese sido preferible que se enumeraran las contribuciones que son deducibles, pero en ausencia de una disposición en este sentido, no podemos extender por interpretación o como un "injerto judicial" las específicamente excluidas por el legislador.

(⁵) Sección 23(*c*)(3) de la Ley. Núm. 91 de 29 de junio de 1954 (Leyes, pág. 475, (13 L.P.R.A. sec. 3023(*c*)(3)). Véase, *Descartes* v. *Tribunal de Contribuciones*, 71 D.P.R. 248 (1950), sobre deducción de cuotas para el servicio de regadío.

(⁶) La situación bajo la vigente Ley de Contribuciones sobre Ingresos de 1954 es diferente, pues la Asamblea Legislativa no consagró excepción alguna cuando se trata de intereses pagados sobre préstamos hechos para adquirir obligaciones de Estados Unidos (sec. 23(*b*) de la Ley Núm. 91 de 29 de junio de 1954 (13 L.P.R.A. sec. 3023(*b*)).

La historia legislativa de la sección 24 de la vigente ley demuestra claramente que tanto el Secretario de Hacienda como la propia Asamblea Legislativa interpretaban la Ley de 1924 en el sentido de que en forma alguna prohibía las deducciones, de otro modo autorizadas, que fueran atribuibles a cualquier clase de ingresos exentos. En el anteproyecto de la nueva ley ([7]) preparado por el Secretario se conservaba únicamente la deducibilidad de partidas atribuibles a *interesas exentos* de inclusión en el ingreso bruto, ([8]) y en el memorándum explicativo que se remitió a los legisladores así se hizo constar. ([9]) En la misma forma lo consideró el

([7]) P. de la C. 935 de la Primera Sesión Ordinaria de la Segunda Asamblea Legislativa del Estado Libre Asociado de Puerto Rico.

([8]) La sección 24 (a) (5) del anteproyecto (Diario de Sesiones, Vol. III, pág. 133) leía como sigue:

"(a) Regla General—Al computar el ingreso neto no se admitirá en ningún caso deducción alguna por los siguientes conceptos:

"(5) Cualquier cantidad en otra forma admisible como una deducción que sea imputable a una o más clases de ingresos *que no sean intereses* (háyase o no recibido o acumulado cualquier parte de los ingresos de esa clase o clases) totalmente exentos de las contribuciones impuestas por esta ley, o cualquier cantidad en otra forma admisible en virtud de la Sección 23 (a) (2) que sea imputable a intereses (háyase o no recibido o acumulado cualquier parte de dichos intereses) totalmente exentos de las contribuciones impuestas por esta ley."

([9]) Dicho memorándum lee como sigue: (Diario de Sesiones, Vol. III. pág. 126):

"Disposiciones para Cerrar Escapes

"(2) *Gastos incurridos para la obtención de ingresos exentos de tributación (Sección 24 (a) (5):*

"Esta disposición provee, en síntesis, que no se admitirá como deducción ningún gasto incurrido para la obtención de ingresos exentos de tributación, excepto gastos incurridos para la obtención de intereses exentos cuando dichos gastos califiquen como ordinarios y necesarios de la industria o negocio del contribuyente. *Esta disposición, idéntica a la contenida en la Ley Federal, tiene por objeto evitar que el ingreso tributable de un contribuyente sea reducido indebidamente mediante la aplicación al mismo de los gastos incurridos para la obtención de ingresos exentos.* Al exceptuar de la medida los gastos en relación con intereses exentos cuando dichos gastos califiquen como gastos ordinarios y necesarios de la industria o negocio del contribuyente, el propósito que se persigue es el de permitir a los bancos la deducción de los gastos incurridos en la obtención de intereses exentos ya que, en la opinión del Congreso, cuando se adoptara esta medida, la no concesión de tales gastos a dichas instituciones podría interferir seriamente con la venta de los bonos del Gobierno. *Nuestra ley en vigor no contiene esta disposición.*"

Sub-Comité de la Comisión de Hacienda de la Cámara de Representantes en el informe rendido. ([10])   Sin embargo, la Comisión de Hacienda, a pesar de las recomendaciones del Secretario y el Sub-Comité, eliminó la propuesta exención en el caso de los intereses exentos de tributación. ([11])   A partir de 1954 no son deducibles las contribuciones satisfechas al Gobierno Federal por intereses que ha recibido un contribuyente de obligaciones o bonos de Estados Unidos.

Armonizadas las secciones 36 (*a*) y 32 (*a*) (3) (*b*) de la Ley de 1924, resulta clara la intención del legislador de conceder, bien como crédito o como deducción, cualquier contribución de ingresos satisfecha al Gobierno Federal.   Si la contribución federal recaía sobre ingresos incluibles en el ingreso bruto en Puerto Rico, el contribuyente podía tomarla como crédito a los fines de determinar su responsabilidad contributiva local; si por el contrario, la contribución federal recaía sobre ingreso exento de inclusión en Puerto Rico en el ingreso bruto—como el caso de los intereses de bonos y obligaciones de Estados Unidos—el contribuyente podía deducir su importe a los fines de determinar el ingreso neto tributable.   Aparentemente el propósito de nuestra Legislatura fue facilitar y fomentar la venta de obligaciones y

---

([10]) Dicho informe, en la parte pertinente (pág. 59), lee como sigue:

"(3) *Deducciones Generales.*—Las deducciones generales permitidas por el proyecto difieren de las concedidas por la ley actual en cuanto a lo siguiente:

.   .   .   .   .   .   .   .

"(*q*) El proyecto provee que no se admitirá como deducible ningún gasto incurrido para la obtención de ingresos exentos de tributación que no sean ingresos por concepto de intereses exentos.   Se provee también para la no admisión de gastos incurridos para la obtención de ingresos por concepto de intereses exentos de tributación, pero la prohibición rige solamente para los casos en que la actividad que da lugar a este tipo de ingreso no constituya la industria o negocio del contribuyente.   (Sección 24 (*a*) (5))—página 61, línea 21 del proyecto).   El establecimiento de la prohibición en la forma antes mencionada en lo que respecta a gastos incurridos para la obtención de intereses exentos surte el efecto de permitir a las instituciones bancarias la deducción de dichos gastos. *En ausencia de disposiciones similares en la ley en vigor, todos· dichos gastos podrán ser deducibles por cualquier contribuyente.*"

([11]) Diario de Sesiones, Vol. III, págs. 418 y 424.

bonos emitidos por Estados Unidos. Como se dijo en *James M. Watson, Jr.* v. *Commissioner*, 35 B.T.A. 706, 709 (1937), "uno de los propósitos de la exención que concede el estatuto fue conservar, libre de limitaciones del fisco, el poder soberano del Gobierno para tomar dinero a préstamo, y la negación de la deducción tendría el efecto de gravar y debilitar este atributo". Cf. *Missouri* v. *Gehner*, 281 U.S. 313, 320–21 (1930); y en cuanto a contribución de herencia, véanse *De Jesús* v. *De Jesús*, 68 D.P.R. 697 (1948) y *Veve* v. *Srio. de Hacienda*, 78 D.P.R. 731 (1955).

Hasta la aprobación en 1934 de una enmienda a la sección 24 (*a*) (5) de la Ley de Contribución de Ingresos Federal (26 U.S.C.A., Internal Revenue Acts 1924 to date, pág. 676), mediante la cual se dispuso expresamente que no podrían deducirse gastos incurridos que fueran atribuibles a ingresos exentos, con excepción de *intereses* que no eran incluibles en el ingreso bruto, la interpretación del Tribunal Federal de Apelaciones Contributivas y del Comisionado de Rentas Internas de un estatuto redactado en idénticos términos a las disposiciones de la ley local que consideramos, era al efecto de que eran deducibles los gastos incurridos en relación con toda clase de ingreso bruto exento de tributación. En *Grace M. Knox et al.*, 3 B.T.A. 143 (1925) se permitió la deducción de la compensación pagada a unos albaceas testamentarios como un gasto ordinario y necesario, "sin considerar el hecho de que una parte del ingreso de la sucesión estaba exento de tributación", por ser intereses de bonos y obligaciones de Estados Unidos. Esta interpretación fue seguida posteriormente en *John M. Watson, Jr. et al.*, 35 B.T.A. 706 (1937) que envolvía la ley de 1932 en cuanto se refería a gastos incurridos en relación con intereses derivados de obligaciones de los gobiernos federal y estatal. Véanse además, *Hugh C. Wallace*, 17 B.T.A. 406 (1929); *Cornelia W. Roebling*, 37 B.T.A. 82 (1938); *Eugene Higgins*, 39 B.T.A. 1005 (1939), 111 F.2d 795 (C.C.A. 2, 1940),

312 U.S. 212 (1941); *Corrigan* v. *Commissioner*, 155 F.2d 164 (1946); *George N. Meissner*, 8 T.C. 780 (1947).

Resolvemos, por tanto, que para el año contributivo a que se refiere este pleito, la demandante podía deducir de su ingreso bruto cualquier cantidad satisfecha por concepto de contribuciones al Gobierno Federal por intereses de obligaciones y bonos de Estados Unidos. En tal virtud, cualquier lenguaje en sentido contrario contenido en la opinión de *Roig Commercial Bank* v. *Buscaglia*, 74 D.P.R. 986, debe entenderse expresamente revocado. Aclaramos, además, que la presente opinión no tiene el alcance de resolver si dichas contribuciones son deducibles como un gasto ordinario y necesario del negocio de la demandante, especialmente considerando el estado actual de la ley sobre la materia.

*Se revocará la sentencia apelada, y se dictará una sentencia declarando con lugar la demanda y anulando la deficiencia notificada a la demandante para el año 1949.*

El Juez Asociado Sr. Santana Becerra no intervino.