CENTRAL ROIG REFINING COMPANY, demandante y apelante *v.* SECRETARIO DE HACIENDA, demandado y apelado

*Número:* 10842. *Resuelto:* 14 de abril de 1961.

*James R. Beverley, R. Castro Fernández* y *Francisco Castro Amy,* abogados de la apelante; *José Trías Monge, Secretario de Justicia* y *Armando P. Cabrera, Procurador Auxiliar,* abogados del apelado; *L. E. Dubon* y *R. García Cintrón,* como *amici curiae.*

PER CURIAM: En 19 de mayo de 1953 este Tribunal dictó sentencia en el caso de *Roig Commercial Bank* v. *Buscaglia,* 74 D.P.R. 986, y revocó la que había dictado el Tribunal Superior de Puerto Rico en aquella parte que concedía a la parte demandante como un crédito contra su contribución de ingresos la cantidad satisfecha al Gobierno Federal por contribución de ingresos por concepto de intereses recibidos de bonos de Estados Unidos de América. Por envolver el presente caso una cuestión análoga, se dictó sentencia en idénticos términos.

A tenor con la sentencia dictada por el Tribunal Supremo, el Secretario de Hacienda notificó a la demandante en 12 de febrero de 1954 con un "cómputo del ingreso sujeto a contribución". La demandante impugnó este cálculo porque el Secretario no incluyó como *deducción* el importe total de la contribución de ingresos pagada al Gobierno de Estados Unidos, de conformidad con las disposiciones de la sección 32(a) (3) de la Ley de Contribución de Ingresos de 1924. El Tribunal Superior desestimó la impugnación y aprobó el cómputo presentado, y la contribuyente apeló.

En el caso de *Roig Commercial Bank* v. *Secretario de Hacienda,* 82 D.P.R. 370 (1961), resolvimos que asiste la

razón a la contribuyente y que dicha partida puede incluirse como deducción de su ingreso bruto. Por tanto, erró el tribunal recurrido al desestimar la objeción al cómputo presentada por la apelante.

Insiste, sin embargo, el Secretario en que esta cuestión de la deducción no se planteó originalmente en las alegaciones, que se limitaron a la reclamación de la misma cantidad como un crédito, y no puede, por tanto, suscitarse por primera vez en el incidente sobre aprobación del cómputo. En *Buscaglia v. Tribunal de Contribuciones, Arcelay de la Rosa, Interventor*, 67 D.P.R. 13, 16 (1947), dijimos que "La vista sobre el cómputo, de celebrarse alguna, debe limitarse a una controversia matemática. A las partes hay que hacerles comprender que no pueden litigar sus pleitos fragmentariamente. Deben presentar todo su caso en el juicio en los méritos. La vista en cuanto al cómputo debe limitarse solamente a esa cuestión, y no puede utilizarse como un recurso para relitigar las cuestiones que fueron o debieron haberse presentado al Tribunal de Contribuciones en la vista sobre los méritos. *González Padín & Co., Inc v. Tribunal de Contribuciones*, 66 D.P.R. 964. Si cualquiera de las partes pretende en ese momento levantar un punto que debió haberse litigado dentro del procedimiento propiamente dicho, el Tribunal de Contribuciones debe negarse a oírlo, a no ser a tenor con una moción para que se deje sin efecto la decisión y se celebre una nueva vista con enmiendas apropiadas de las alegaciones. Y el Tribunal de Contribuciones debe declarar con lugar esa moción en muy raras ocasiones y solamente por los motivos más sustanciales". Y en *Comunidad Fajardo v. Tribunal de Contribuciones*, 73 D.P.R. 543, 558 (1952), añadimos que cuando el tribunal de instancia entra en los méritos de nuevas cuestiones sustanciales al sometérsele un cómputo, nos hemos negado a revocar en algunos casos por ese fundamento, siempre que ambas partes hayan tenido su oportunidad en corte. Consideradas las circunstancias concurrentes en el presente

caso, creemos que el tribunal podía entender en la cuestión levantada por primera vez en el incidente sobre aprobación de los cómputos porque: (a) en realidad, la contribuyente no podía levantar la cuestión de la deducción hasta que no se resolviese su reclamación de la misma cantidad como un crédito, ya que la sección 32(a) (3) sólo admite como deducción "las cantidades pagadas o acumuladas dentro del año contributivo, a excepción . . . de la parte de las contribuciones sobre ingresos . . . impuestas por la autoridad de los Estados Unidos . . . *que es admitida como crédito* a virtud de la sección 36";[1] (b) que la alegación planteada no requería la celebración de una vista para ventilar cuestiones de hecho; y (c) que en todo caso, el escrito sobre impugnación del cómputo puede considerarse como una alegación suplementaria, que ciertamente facilita la presentación del caso y en nada perjudica la defensa que contra la misma podía esgrimir el Secretario, por ser esta defensa puramente de derecho.[2] Véase, *Fiddler* v. *Tribl. Contribuciones*, 65 D.P.R. 202, 205 (1945), revocado por otros motivos en 157 F. 2d 579 (1946), en donde permitimos que se planteara por primera vez una cuestión constitucional en el incidente sobre revisión de cómputos.

*Por los motivos expuestos, se revocará la sentencia apelada y se devuelve el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

[1] Quizás la contribuyente pudo haber formulado sus alegaciones originales en la alternativa, Regla 8(f) de las de Procedimiento Civil de 1943 equivalente a la Regla 6.5(b) de las de Procedimiento Civil de 1958 (32 L.P.R.A. Ap. Supl. R. 6.5(b)); *Balzac* v. *Torres*, 68 D.P.R. 983 (1948), pero esta omisión no debe frustrar su derecho, especialmente si se considera la práctica administrativa establecida por el Secretario de conceder tal cantidad como deducción. Véase, escolio 3 de la opinión en *Roig Commercial Bank* v. *Secretario*, 82 D.P.R. 370, (1961).

[2] Regla 15(b) de las de Procedimiento Civil de 1943 equivalente a la Regla 13.2 de las de Procedimiento Civil de 1958 (32 L.P.R.A. Ap. Supl. R. 13.2).