GEORGE W. LEWIS *v.* MARY ANN HARE, WIDOW OF EDWARD D. LEWIS.

By Article 1698 of the Code, "the testament falls by the birth of legitimate children of the testator posterior to its date," and it makes no difference if a child be born before or after the death of the testator.

The positive provisions of Article 1698 is in no manner affected by Article 1556, which provides that revocation of donations *inter vivos*, through the birth of children to the donor, operate only up to the disposable portion.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *A. N. Ogden*, for plaintiff and appellant. *Cohen*, for defendant.

SLIDELL, C. J.[*]  In April, 1838, *Edward D. Lewis*, a resident of Louisiana, made an olographic will, by which, after providing for the payment of his debts, he gave to his wife all his furniture and a piece of land, which was equal in value to about one-half of his estate ; to a sister, two thousand dollars ; to a brother, one thousand ; to another brother, *George W. Lewis*, the plaintiff, one thousand dollars ; to *L. W. Broadwell*, one thousand dollars ; and the residue to his wife. His health was impaired at the time of making his will, and in the following May, upon the advice of his physicians, he went with his wife to Europe. *Broadwell*, who was on terms of intimacy with him, and one of the objects of his bounty, testifies that the testator, before his departure, informed him the will was made, and he appointed executor ; that from the tenor of the testator's conversation on the occasion, as on others, he thought the testator was not aware when he made the will that his wife was pregnant, and from the impaired state of his health believed it unlikely that such would be the case, and therefore made no provision for an heir. The testator died at Nice, in September, 1838, and a few days afterwards his wife gave birth to a child. The will was probated soon after his death, in New Orleans. The inventory exhibits a total amount of $10,923. The present suit is brought by *George W. Lewis*, against the widow, as administratrix and tutrix of the child, to recover the legacy of one thousand dollars, and the defence is that the subsequent birth of the child revoked the will. There was judgment for the defendant in the Court below, and the plaintiff has appealed.

---

[*] OGDEN, J., absent.

The Code devotes a section to the subject "of the revocation of wills and their caducity," and by Acticle 1698 provides as follows: "The testament falls by the birth of legitimate children of the testator posterior to its date." The reason of this provision is not given by the law-givers, but is obvious. It is founded upon the reasonable presumption that the testator would not have given his property to others had he foreseen that he would afterwards have off-spring. It would not be easy to suggest a case more strongly illustrative of the wisdom of the law, which supplies by its own foresight the want of foresight of the testator, than the one before us. If this will should be carried into full effect, the entire estate of the testator would be absorbed in legacies, and his child be left destitute.

It is contended, on the part of the plaintiff, that the article should only be applied to the case of a child born before the death of the testator. The language used is broad and unqualified, and, as the law has made no distinction, we have no right to make one. Moreover, there is no reason to suppose that a testator would have been insensible to the welfare of a posthumous child, if the contingency of its birth had suggested itself to his mind, any more than to suppose such insensibility in the case of a child born before his death. In both cases, it is reasonable to presume the testator would have felt the promptings of parental love, and the obligations of parental duty, if the event had been foreseen.

The plaintiff refers to the 1556th Article of the Code on the subject of the implied revocation of donations, *inter vivos*, a subject also separately treated. By that article the revocation, through the birth of children, to the donor, is made to operate only up to the disposable portion, and the plaintiff contends that it should operate to that extent only in the present case. Why the law-giver thought proper to make a distinction between donations, *inter vivos*, and donations by will, may not be very obvious. But the language of Article 1698 is unambiguous. It makes the will entirely inoperative where legitimate children of the testator are born posterior to its date, and we have no right to dis-regard the distinction thus clearly made between the two kinds of donations, even if it be an arbitrary one. The two subjects, the revocation of donations *inter vivos*, and the revocation of donations by testament, are treated separately, and if we were permitted to call in the provisions in the one case, to explain those in the other, it would be proper only where doubtful language had been used.

The words "even of a posthumous child," used in the Article 1556, which was taken from the Napoleon Code, are not found in Article 1698, for which there is no corresponding Article in the Napoleon Code. We do not think this a sufficient reason to narrow the terms of Article 1698, which are unqualified, and comprehend equally both classes of children.

It must also be observed, that by Article 29 of our Code, "children in their mother's womb are considered, in whatever relates to themselves, as if they were already born.

Judgment affirmed, with costs.