FOURNET, Justice.
 

 Mrs.' Julia Raborn Briley having ruled the Inheritance Tax Collector of Louisiana to show cause why $22,724.71 in United States Savings Bonds, Series “E” and “G”, registered in the name of her late brother, William Simpson Raborn, and payable to her upon his death, should not be declared free of inheritance taxes, prosecutes this appeal from the judgment of the district court dismissing the rule and fixing the amount of inheritance taxes due on these bonds at $1,510.23.
 

 Although the amount of the tax involved in the judgment is less than $2,000, the legality vel non of the tax is at issue and this court has appellate jurisdiction. Section 10 of Article VII of the Constitution of 1921.
 

 Relying on Succession of Tanner, La.App., 24 So.2d 642; Conrad v. Conrad, 66 Cal.App.2d 280, 152 P.2d 221; and Franklin Washington Trust Co. v. Beltram, 133 N.J.Eq. 11, 29 A.2d 854, the appellant contends that upon the death of her brother she, as the beneficiary of a contract entered into between him and the United States government, became the absolute owner of the bonds 'by reason of such contract and not through inheritance, gift, or legacy; consequently, that Act 127 of the Extra Session of 1921 levying a tax “On all inheritances, legacies and donations, or gifts made in contemplation of death” is not applicable.
 

 Appellant’s argument' that these bonds, having been issued under the authority of the Second Liberty Bond Act, 31 U.S.C.A. § 752, and pursuant to Circulars 653 and 654 of the United States Treasury Department, which circulars or regulations have the force and effect of law and must be considered as a part of the conditions of the bonds issued thereunder, does not help her cause for in Circular No. 654 is contained the stipulation that “The bonds
 
 shall
 
 be subject to estate, inheritance, gift, or other excise taxes, whether Federal or State.
 
 *
 
 * (Italics ours.)
 

 Likewise the argument of appellant’s counsel that these bonds (not being a gift, donation, legacy, or an inheritance)
 
 *1038
 
 do not come within the intent and contemplation of Act 127 of the Extra Session of 1921 is erroneous, for in Section 2 of that act it is declared that
 
 "Said tax shall be imposed with respect to all property
 
 of
 
 every nature and kind included or embraced in any
 
 inheritance, legacy or
 
 donation
 
 or gift
 
 made in contemplation of death, including all personal property physically in the State of Louisiana,
 
 whether owned or inherited by, or bequeathed, given or donated to, a resident or non-resident, and whether inherited, bequeathed, given or donated to, under the law of this state or of any other state or country * * (Italics ours.)
 

 It is our opinion, therefore, that the bonds in controversy were gifts made in contemplation of death within the meaning and contemplation of the above statute in that they were personal property physically within the State of Louisiana and only became the property of the claimant as the designated beneficiary upon the death of the registered owner under the laws of the United’ States. Besides, in the very regulations authorizing the issuance of the bonds there is contained the specific recognition of the right of this-state to levy and impose an inheritance tax on such bonds.
 

 While Succession of Tanner, relied on by the appellant, holds to the contrary, this decision was handed down by a divided court of the Court of Appeal for the First Circuit and, although persuasive, is not binding on us. Moreover, a reading of the Tanner case will show that no consideration was given by the court to the clause found in Circular No. 6^4 under which the bonds in controversy were issued, which clause specifically subjected such bonds to state inheritance taxes.
 

 The two other cases (Conrad and Beltram) ■ relied on by the appellant are not apposite to our holding in this case for inheritance taxes were neither at issue nor involved.
 

 For the reasons assigned the judgment appealed from is affirmed, at the cost of the appellant.