56 So.2d 730

## WINSBERG v. WINSBERG.
### No. 39574.

Supreme Court of Louisiana.
Jan. 14, 1952.

Montgomery, Barnett, Brown & Sessions, New Orleans, Arthur B. Hammond, Jr., New Orleans, for plaintiff-appellant.

Williams & Wolfson, A. Melville Wolfson and H. Charles Korn, all of New Orleans, for defendant-appellee.

McCALEB, Justice.

Plaintiff is appealing from the dismissal of her suit on an exception of no cause of action. The salient facts of the case, as alleged in the petition, are as follows:

Hermand Woodward Winsberg purchased three United States Government Series "G" Savings Bonds of a total face value of $2500 and designated his brother, Winfred J. Winsberg (the defendant), as payee on death. Subsequently, Hermand Winsberg married and a few months thereafter died leaving his widow who gave birth to a posthumous child, Kathleen Hilda Winsberg. In due course, his succession was opened in the Civil District Court for the Parish of Orleans and the bonds were inventoried as an asset of his separate estate. However, defendant had taken possession of the bonds on his brother's death and refused to deliver them or their proceeds to the succession. Plaintiff, as administratrix of the estate and also as natural tutrix of the child (sole heir of decedent), then instituted this suit demanding that defendant be ordered to deliver the bonds to her or, in the alternative, that a monied judgment be rendered against him for their cash value.

The cause of action is predicated on the contentions that:

1. A United States Government Savings Bond, which is payable on death to a named beneficiary, is a donation mortis causa under Article 1469 of the Civil Code,

2. That it is an invalid disposition as it is not in the form of a last will or testament, as required by the Civil Code, Article 1570, and that

3. Alternatively, should it be declared to be a lawful disposition mortis causa, it was rendered ineffective upon the birth of a child by virtue of Article 1705 of the Civil Code.

Contra, defendant maintains that it is immaterial that the gift of the bonds under the payable on death clause was a donation mortis causa, forasmuch as the bonds are valid Federal contracts, which are not subject to restraint in their enforcement by the Articles of the Civil Code pertaining to testamentary dispositions, and that the subsequent birth of the child could not affect either his ownership of the bonds or their proceeds as the gift is not a disposition by testament.

That the designation by the purchaser of Federal Savings Bonds (of the type presented in this suit) of a beneficiary, to whom the bonds become payable on the purchaser's death, constitutes a donation mortis causa, as defined by Article 1469 of the Civil Code, is no longer an open question in this State. It was held in Succession of Raborn, 210 La. 1033, 29 So.2d 53, 54, that such bonds were gifts "made in

contemplation of death" and were, therefore, subject to the State Inheritance Tax imposed by Act 127 of the Extra Session of 1921, LSA–R.S. 47:2401 et seq.

This being so, the question arises whether such a gift is unlawful in Louisiana since it is not in the form of a will. Article 1570 of the Civil Code provides that all dispositions mortis causa be made by testament and abrogates all other forms. And Article 1571 defines a testament to be the Act of last will by which the testator disposes of his property "either universally or by universal title, or by particular title".

 Thus it is plain that, whereas the gift of the bonds was a disposition mortis causa, it has no standing under our law as it does not comply with any of the forms prescribed for testaments by the Articles of the Civil Code, Articles 1574 et seq. Accordingly, it would be absolutely null but for the vitality given it by the laws under which the bonds were issued. This Federal contract, which is a recognition by the Government of its obligation to the purchaser of the bond for a sum certain in money to be paid on his death to a designated person, is, of course, enforceable between the parties thereto in accordance with the conditions stated therein. And, obviously, we think, Louisiana is without right to change the beneficiary of the contract or to insist that the Federal Government recognize someone other than the payee as the owner of the bonds. Hence, in the nature of things, we are confronted with the fact that the U. S. Savings bond plan establishes an additional method of disposing of property mortis causa, which has been superimposed by Federal law and which is to be considered effective notwithstanding that it is not in the form prescribed by our Code.

 But though these contracts are entitled to recognition as another way to dispose of property in prospect of death, it does not follow that they may be employed so as to nullify the laws applicable to the devolution of property or to confer upon the donees greater rights than they would have had if the devise had been in the form of a last will and testament. It is apt to observe that the Federal Government is neither concerned with nor interested in the application and enforcement of State laws respecting succession or inheritance of property. Indeed, it seems manifest that the regulations of the Treasury Department for the payment of savings bonds[1] (relied on by defendant in this case), were designed solely to facilitate

1. Section 315.36 of the Treasury Regulations provides: "If the registered owner dies without having presented and surrendered the bond for payment * * * and is survived by the beneficiary, upon proof of such death and survivorship, the beneficiary will be recognized as the sole and absolute owner of the bond, and it will be paid only to him, * * *".

the Government, by providing a simple method for the liquidation of these obligations, so that it would not be subjected to the inconvenience and delays attendant to the settlement of conflicting or disputed claims. There was not, in our opinion, any intention to interfere with the enforcement of the laws of descent and distribution of the various States. Therefore, forasmuch as the payment on death clause contained in such bonds must be considered as a valid appendage to our laws respecting the forms for dispositions mortis causa, it appears logical to apply all provisions pertaining to testamentary dispositions, except those dealing with forms, in determining rights and liabilities under such a devise.

Article 1705 of the Civil Code declares: "The testament falls by the birth of legitimate children of the testator, posterior to its date".

This Article, which operates a revocation of all dispositions mortis causa made by a donor antedating the birth of a child, is founded, as stated by Chief Justice Slidell in Lewis v. Hare, 8 La.Ann. 378, "* * * upon the reasonable presumption that the testator would not have given his property to others had he foreseen that he would afterwards have offspring".

■■■■ Counsel for defendant say that Article 1705 is inappropriate here because, by its very language, it pertains only to testaments and that the payment on death designations in the bonds are not testaments. True enough, they are not testaments, but are dispositions mortis causa and, as such, are substitutes for and have the same effect as testaments. The plain reason why Article 1705 deals solely with testaments is because that is the only method by which property may be devised in prospect of death under our law. Hence, as aforesaid, since dispositions mortis causa in the form of payment on death clauses are to be given the force and effect of testaments, a parity of deduction requires that they must be governed by all provisions relative to testaments, other than form. Adoption of this course is not novel; it is consonant with the views we have heretofore expressed in other cases when the right of a forced heir to his legitime was concerned, Succession of Land, 212 La. 103, 31 So.2d 609, and the share of the wife to the community estate was at stake, Succession of Geagan, 212 La. 574, 33 So.2d 118, 122. In the latter decision, it was well stated that "* * * we will not permit William J. Geagan, Sr., to do by contract with the Federal government what he could not have done by donation mortis causa in this state, that is, dispose of his wife's share of the community property at his death in favor of a third person; * *".

So we say in this case that the defendant cannot be accorded greater rights, merely because the donation is in the form of a Federal contract, than he would have

 

had if it had been by last will and testament as prescribed by our law. And, while Louisiana may not require that the bonds be paid to anyone other than the named beneficiary, it undoubtedly has the power, which was reserved to it by the Tenth Amendment of the Federal Constitution, to decree that the beneficiary or payee is indebted to the estate of the former owner, or his heir, in an amount equal to the value of the gift.

The judgment appealed from is reversed; the exception of no cause of action is overruled and the case is remanded for further proceedings consistent with the views herein expressed. The costs of this appeal are to be borne by defendant.