162 So.2d 791 (1964)
Succession of Camille WEIS.
No. 1373.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1964.
*792 Melvin P. Barre and Rene R. Nicaud, New Orleans, for plaintiff and appellee, Howard Paul Beebe.
Deutsch, Kerrigan & Stiles, Marian Mayer Berkett, New Orleans, and Madison, Madison, Files & Garrett, David I. Garrett, Jr., Monroe, for defendant and appellant, Gertrude Weis Aron.
Before McBRIDE, REGAN and CHASEZ, JJ.
McBRIDE, Judge.
Camille Weis died January 18, 1961, leaving an olographic will (which has been duly probated and registered), dated July 23, 1958, containing the following provisions relevant here:
"I, Camille Weis, of the Parish of Orleans, State of Louisiana, City of New Orleans, do hereby make and ordain this my last will and testament, revoking all others.
* * * * * *
"2. I give and bequeath the following, either in cash or securities of an equal value, undiminished by death taxes and other charges:
* * * * * *
"$5000.00 (Five Thousand Dollars) to Howard Paul Beebe of Montz, La. (St. Charles Parish)
* * * * * *
"7. The entire remainder and residue of my estate, I give and bequeath to my niece, Mrs. Gertrude Weis Aron."
There were found in decedent's safety deposit box, among other securities, three United States Savings Bonds, Series "G" (interest thereon payable semi-annually), each having a face value of $1,000, registered in the joint names of "Camille Weis or Howard Paul Beebe" which had been purchased by the decedent in May 1949 before the execution of the will. The testator's own funds were used in making the purchase and only he had possession of said bonds and collected the periodic interest paid thereon.
Mrs. Gertrude Weis Aron was confirmed as decedent's testamentary executrix. In due course she tendered Howard Paul Beebe the three above-mentioned Series "G" bonds, together with an amount of cash sufficient to bring the total tender to $5,000. Beebe refused the tender. Subsequently, Mrs. Aron, as residuary legatee, had herself placed into possession of decedent's estate; whereupon Beebe filed suit against her, individually and in her capacity of testamentary executrix, in which he prayed that he have judgment recognizing him as the owner of the three United States Savings Bonds, Series "G", standing in the names of Camille Weis or Howard Beebe, and ordering Mrs. Weis to deliver said bonds to him and in addition to pay him his legacy of $5,000, or, in the alternative, that he have judgment against Mrs. Weis for the aggregate sum of $8,000.
After a trial below, there was judgment in favor of Beebe recognizing him as the owner of the three bonds, together with all accrued interest thereon, and as decedent's special legatee of $5,000; the court further decreed that the judgment of possession of May 16, 1961, to the extent that it may be inconsistent with the judgment in favor of Beebe, be amended and modified to conform thereto. Mrs. Weis has appealed.
The sole question presented is whether a legatee who has been bequeathed $5,000 and is the registered co-owner with decedent of $3,000 of United States Bonds is entitled to both the $5,000 legacy and the bonds, or *793 whether, as the defendant contends, he is entitled only to a legacy of $2,000 in cash and the $3,000 in bonds.
Appellant takes the position that whereas at the time of decedent's death the bonds were listed as part of his estate and both federal estate and Louisiana inheritance taxes were paid on their value, and whereas in Winsberg v. Winsberg, 220 La. 398, 56 So.2d 730, the Supreme Court held that a United States Savings Bond, issued in the name of the purchaser, and in which the purchaser designated another person as payee on death, constituted a disposition mortis causa, that Beebe is not entitled both to $5,000 in cash and the $3,000 in bonds, in view of the revocation by the testator of all other wills and testaments made by him. The argument is made that such revocation effectively foreclosed Beebe's right to have the bonds as surviving co-owner thereof as such right arose from a disposition mortis causa.
True, in the Winsberg case it was held that the designation by the purchaser of Federal Savings Bonds (such as Series "G") of a beneficiary to whom the bonds become payable on the purchaser's death constitutes a donation mortis causa within the purview of LSA-C.C. art. 1469. The Supreme Court had previously held in Succession of Raborn, 210 La. 1033, 29 So.2d 53, that such bonds were gifts "made in contemplation of death" and as such were subject to Louisiana inheritance taxes imposed by LSA-R.S. 47:2401 et seq.
Under the Code of Federal Regulations (Titles 30-31), when the decedent purchased the bonds and caused them to be registered to "Camille Weis or Howard Paul Beebe," he was designating himself and Beebe as conjoint owners of the bonds. No payee on death was provided for. Immediately upon their issuance, either the decedent or Beebe could have received payment of the bonds upon his separate request. If either coowner died, the survivor is recognized as the owner.
Chapter II, Subpart L, of the regulations provides:
"§ 315.60 During the lives of both coowners. A savings bond registered in coownership form, for example, `John A. Jones or Mrs. Mary C. Jones,' will be paid or reissued during the lives of both, as follows:
"(a) Payment. The bond will be paid to either upon his separate request, and upon payment to him the other shall cease to have any interest in the bond. * * *
* * * * * *
"§ 315.61 After the death of one or both coowners. If either coowner dies without the bond having been presented and surrendered for payment or authorized reissue, the survivor will be recognized as the sole and absolute owner. * * *"
The decedent left no ascendants or descendants and, hence, there are no forced heirs. In having himself and Beebe denominated as co-owners of the bonds, he was making no disposition mortis causa thereof, nor was it his intention to do so. Beebe became sole payee by virtue of the regulations of the Treasury Department and through no act of the decedent. The moment the bonds were issued Beebe's interest and ownership therein came into being, the only difference in Beebe's interest before and after decedent's death being that before death decedent and Beebe each had the right to make separate request for payment, while after death Beebe became the only person possessing that right. If as stated in the Winsberg case the United States Savings Bond Plan established and superimposed on the state law an additional method of disposing of property mortis causa (when a third person is designated on the bond as payee on death), by the same token we must say the United States Savings Bond Plan has established and superimposed on our law an additional method for disposing *794 of property inter vivos which is to be considered effective notwithstanding that there was no authentic deed passed or manual delivery made. (See LSA-C.C. arts. 1536, 1538, 1539).
The United States Court of Appeals, Tenth Circuit, in Brodrick v. Moore, 226 F.2d 105, said:
"* * * The surviving co-owner of United States Treasury bonds becomes the sole owner upon the death of the other co-owner. Co-ownership creates `a present, vested, though defeasible, interest' in the bonds. * * *"
Had it been decedent's choice to accomplish a "defeasance," he could, at any time, have requested and received payment of the bonds, in which event Beebe's interest therein would have ceased. Camille Weis was an intelligent businessman (a Certified Public Accountant), and must be presumed to have intended the legal consequences of his own acts. Since May 1949 to his death in January 1961, he took no steps in the matter and permitted the bonds to remain in the names of the co-owners and was undoubtedly satisfied with that arrangement. Of course, Beebe did not have physical possession, but nevertheless he was recognized by the Treasury Department as a co-owner under the registration of the bonds as made by decedent. Under our law the possession by the decedent was not for himself exclusively, but was for himself and his co-owner, Beebe. See Louisiana Land Co. v. Blakewood, 131 La. 539, 59 So. 984. Our Supreme Court has in effect recognized that where a person purchases United States Bonds which are issued to him "or" another person, such constituted a gift thereof to that other person. In Succession of Land, 212 La. 103, 31 So.2d 609 (see Syllabus 14), a testatrix purchased United States Bonds which were made out or issued to her "or" her daughter. The decedent had possession of the bonds at her death. The daughter was the sole legatee under the last will and testament although the testatrix also had a son. The son filed suit for a reduction of the will to the extent that his legitime would be preserved. The United States Bonds came into contest, and it was held that the daughter who became the sole owner thereof under the regulations of the Treasury Department was made to collate "because of these gifts." This clearly indicates that the Court was of the mind that the gifts had taken place prior to the decease of the testatrix; otherwise there could have been no collation due by the daughter. LSA-C.C. art. 1227 recites that the collation of goods is the supposed or real return to the mass of the succession which an heir makes of property which he received in advance of his share or otherwise in order that such property may be divided together with the other effects of the succession.
We are not concerned with the question of disposable portion nor with a legitime or the doctrine of collation. United States Savings Bonds are governed strictly by the federal law and not by the state law. Free v. Bland, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180. It is to what extent these bonds figure in calculating the inheritance tax or a legitime or an interference with the rights of a child born subsequently to the naming of a payee on death that the state law governs. Winsberg v. Winsberg, supra; Succession of Raborn, supra; Succession of Mulqueeny, La.App., 156 So.2d 317. The language used by the United States Supreme Court in Free v. Bland, supra, is apropos here:
"* * * One of the inducements selected by the Treasury is the survivorship provision, a convenient method of avoiding complicated probate proceedings. Notwithstanding this provision, the State awarded full title to the co-owner but required him to account for half of the value of the bonds to the decedent's estate. Viewed realistically, the State has rendered the award of title meaningless. Making the bonds security for the payment confirms the accuracy of this view. If the State *795 can frustrate the parties' attempt to use the bonds' survivorship provision through the simple expedient of requiring the survivor to reimburse the estate of the deceased co-owner as a matter of law, the State has interfered directly with a legitimate exercise of the power of the Federal Government to borrow money."
The fact that the will provides that Beebe was bequeathed $5,000 "either in cash or securities" (decedent's estate including some $19,000 of the latter) did not denote that the testator meant that he was leaving Beebe the $3,000 of Series "G" bonds involved herein plus $2,000. The right to the proceeds of the bonds was already Beebe's by virtue of his status of co-owner thereof. He is entitled to the bonds and his $5,000 legacy.
For the above and foregoing reasons, the judgment appealed from is affirmed.
Affirmed.