|2CARTER, Judge.
This is an appeal from a trial court judgment on cross-motions for summary judgment, finding a taxpayer not liable for state inheritance tax on beneficiary form United States savings bonds.
FACTS
During her lifetime, Mary Gerbine Junker purchased 119 Series H, United States savings bonds. The savings bonds, dated October 25, 1979, were in $1,000.00 denominations. The savings bonds were owned by Junker, but were registered in beneficiary form in the name of John J. Gaupp, Junker’s great nephew. By registering the savings bonds in beneficiary form, Junker designated the identity of the person to whom the savings bonds were payable upon her death.
On January 23, 1981, Junker executed a statutory will, bequeathing to Gaupp, and each of his three siblings, one-fourth of all of the property of which she died possessed. Junker died on February 11, 1989. After Junker’s death, Gaupp cashed the savings bonds in accordance with his designation as the beneficiary. On November 3, 1989, the testamentary executrix of the Succession of Junker filed an inheritance tax return, reflecting inheritance taxes of $36,192.00, with the Louisiana Department of Revenue and Taxation (Department). A subsequent audit of the tax return revealed that additional tax in the amount of $8,413.30 was due. The additional assessment was attributable to the $119,000.00 Gaupp received as a result his designation as the beneficiary on the United States savings bonds. On or about May 25, 1990, a “Thirty-Day Notice of Additional Tax Due” was mailed to Gaupp. On or about July 26, 1990, Gaupp remitted to the Department $8,496.60 for the additional tax and interest on the unpaid amount. Shortly thereafter, Gaupp requested a refund of the additional inheritance taxes paid, which request was denied by the Department on August 22,1990.
On November 19, 1990, Gaupp filed a petition against the Department in the 19th Judicial District Court for refund of the inheritance taxes paid on the $119,000.00 in United States savings bonds. In his petition, Gaupp alleged that he received the $119,000.00 upon the death of Junker by virtue of the beneficiary designation as ^required by federal law. Gaupp alleged that the transfer of the funds to him was outside the Succession of Junker, and, as such, the funds were not subject to Louisiana inheritance taxes. The Department answered Gaupp’s petition, generally denying the allegations of the petition.
On April 25, 1995, the Department filed a motion for summary judgment. The Department alleged that savings bonds registered in beneficiary form are made “in contemplation of death” within the scope of LSA-R.S. 47:2401 et seq. As such, all funds derived from those savings bonds are subject to Louisiana inheritance taxes. In support of its motion, the Department attached the affidavit of a revenue account auditor.
On October 27, 1995, Gaupp filed a motion for summary judgment. In support of his motion, Gaupp submitted his affidavit, the sworn descriptive list of the Succession of Junker, the Last Will and Testament of Junker, the Louisiana Inheritance and Estate Transfer Tax Return, and the United States Federal Estate Tax Return. Gaupp *109 argued that payable-on-death savings bonds are similar to and should be treated in the same manner as co-owner savings bonds, citing Free v. Bland, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962). Gaupp reasoned that co-owner form savings bonds are not subject to inheritance taxes and that beneficiary form savings bonds, likewise, should not be taxed.
After a hearing, the trial court determined that Gaupp was entitled to a refund because the savings bonds in beneficiary form were not purchased “in contemplation of death,” because they had been purchased more than ten years prior to Junker’s death. As a result, the court determined that the savings bonds were not taxable under LSA-R.S. 47:2404. The trial court then granted Gaupp’s motion for summary judgment and denied the Department’s motion for summary judgment. The trial court rendered judgment on December 28, 1995, in favor of Gaupp and against the Department for a refund in the amount of $8,413.30, together with interest as set by law from the date of payment of such taxes to the date of the refund of such taxes.
From this adverse judgment, the Department suspensively appealed, assigning the following errors:
141- The District Court committed manifest error by determining that United States Savings Bonds designated “Payable on Death” to Plaintiff upon the purchaser’s death were not made “in contemplation of death.”
2. The District Court erred by improperly applying the decision of Succession of Raborn, 210 La. 1033, 29 So.2d 53 (1946) wherein the Louisiana Supreme Court held that United States Savings Bonds designated as “Payable on Death” were subject to Louisiana Inheritance Tax.
3. The District Court erred in granting Plaintiffs request for summary judgment thereby awarding a refund to be paid by the State Treasurer under LSA-R.S. 47:2451, in the amount of $8,413.30 plus interest.
SUMMARY JUDGMENT
On a motion for summary judgment, the burden is upon the mover to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. LSA-C.C.P. art. 966; Kidd v. Logan M. Killen, Inc., 93-1322, p. 4 (La.App. 1st Cir. 5/20/94); 640 So.2d 616, 618-19; Robertson v. Our Lady of Lake Regional Medical Center, 574 So.2d 381, 384 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1136 (La.1991).
On appeal, this court is required to review summary judgments de novo, under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318, 325 (La.1993); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in fight of the substantive law applicable to the case. Sun Belt Constructors, Division of MCC Constructors, Inc. v. T & R Dragline Service, Inc., 527 So.2d 350, 352 (La.App. 5th Cir. 1988).
The threshold issue to be resolved is whether United States savings bonds registered in the beneficiary form are gifts made “in contemplation of death” and thereby taxable under LSA-R.S. 47:2404. If we determine that LSA-R.S. 47:2404 authorizes such a tax, we must then determine whether the state statute conflicts with a valid federal law and must fall under the Supremacy Clause of the United States Constitution.
JsCO-OWNER VERSUS BENEFICIARY UNITED STATES SAVINGS BONDS
Article 1, Section 8, Clause 2 of the United States Constitution delegates to the federal government the power “to borrow Money on the credit of the United States.” Free v. Bland, 369 U.S. at 666-67, 82 S.Ct. at 1092. Pursuant to this grant of power, Con *110 gress authorized the Secretary of the Treasury, with the approval of the President of the United States, to issue savings bonds. 31 U.S.C. § 3105(a). That statutory provision also delegates to the Secretary of the Treasury the authority to prescribe rules and regulations controlling the obligations associated with the issuance of United States savings bonds. 31 U.S.C. § 3105(b)(1). The law is clear that United States savings bonds are governed strictly by federal law, and not by state law. Free v. Bland, 369 U.S. at 669-70, 82 S.Ct. at 1094; Succession of Weis, 162 So.2d 791, 794 (La.App. 4th Cir.1964).
Savings bonds are issued in registered form only. 31 CFR § 315.5(a). The registration expresses the actual ownership of, and interest in, the savings bond. 31 CFR § 315.5(a). Under 31 CFR § 315.5(a), the registration of ownership is conclusive. Moreover, the only forms recognized by the United States government are single ownership, co-ownership, and beneficiary forms. 31 CFR § 315.7. Savings bonds are not transferable and are payable only to the owners named in the savings bonds. 31 CFR § 315.15.
A savings bond may be registered in the names of two individuals, in the alternative, as co-owners. 31 CFR § 315.7(b)(2). In such cases, the form of the registration is in the name of one co-owner “or” the other co-owner. A savings bond registered in co-ownership form can be paid to either co-owner upon surrender with an appropriate request, and, upon payment, the other co-owner ceases to have any interest in the bond. 31 CFR § 315.37. If one of the co-owners dies, the surviving co-owner is recognized as the sole and absolute owner of the bond, and payment is made as though the bond were registered in the name of the survivor alone. 31 CFR § 315.70(b)(1).
IsA savings bond may also be registered in the name of an individual payable on the death of another. 31 CFR § 315.7(b)(3). The form of registration is in the name of the owner “payable on death to ” the beneficiary. A savings bond registered in beneficiary form is paid to the registered owner during his lifetime upon surrender with an appropriate request, and upon payment, the beneficiary ceases to have any interest in the bond. 31 CFR § 315.38. If the owner of a bond registered in beneficiary form dies and is survived by the beneficiary, the beneficiary is recognized as the sole and absolute owner of the savings bond. 31 CFR § 315.70(c)(1).
In the instant case, the savings bonds at issue were registered in beneficiary form in the name of Mary Junker as owner and were payable on death to her beneficiary, Gaupp.
GIFTS “IN CONTEMPLATION OF DEATH”
Having determined that the savings bonds issued to Mary Junker and payable on her death to her beneficiary, Gaupp, were in beneficiary form, we must determine whether the registration in beneficiary form constituted donations or gifts made “in contemplation of death.”
LSA-R.S. 47:2401 authorizes the state to levy a tax upon all inheritances, legacies, and donations and gifts made “in contemplation of death,” unless specifically exempted. Pursuant to this statutory provision, inheritance tax is imposed on “all property of every nature and kind included or embraced in any inheritance legacy or donation or gift made in contemplation of death.” LSA-R.S. 47:2404 A.
In the instant ease, the trial court found that, because the savings bonds in beneficiary form were purchased ten years before the registered owner’s death, the savings bonds were not purchased “in contemplation of death” and should transfer without any intervention of the court. In its reasons for judgment, the court stated “[t]he court doesn’t see why they should be treated any differently than or [co-ownership form] bonds.”
The Department contends that beneficiary and co-owner form United States savings bonds are distinguishable. The Department does not impose state inheritance taxes on co-owner form United States savings bonds. The Department contends that, |7upon surrender and with an appropriate request, co-owner form savings bonds can be paid to either co-owner, whereas beneficiary form savings bonds are paid only to the registered owner during his or her lifetime. It is only *111 after the death of the registered owner of beneficiary form savings bonds that the beneficiary can redeem the bonds. Therefore, the Department argues, since the beneficiary’s ownership rights only come into being upon the death of the registered owner, the beneficiary form bond is, by definition, a gift “in contemplation of death.”
Gaupp argues that the savings bonds, in beneficiary form, purchased more than ten (10) years prior to the death of the owner are not donations made “in contemplation of death.” Gaupp also argues that co-owner and beneficiary form savings bonds cannot be distinguished for state inheritance tax purposes and that the Department’s policy in this regard is inconsistent.
Initially, we note that, contrary to Gaupp’s argument, the jurisprudence has recognized the different forms of savings bonds, namely, co-owner and beneficiary form savings bonds, and consistently has treated them differently. In Winsberg v. Winsberg, 220 La. 398, 56 So.2d 730 (1952), the court addressed the question of whether United States savings bonds, in beneficiary form, were valid donations mortis causa. The issue was whether decedent’s widow and posthumous child could recover the savings bonds or their cash value from decedent’s brother, the designated payee on death. The court held that the United States savings bonds plan established an additional method of disposing of property mor-tis causa, superimposed by federal law. Winsberg v. Winsberg, 56 So.2d at 731. In Slater v. Culpepper, 222 La. 962, 64 So.2d 234, 237-38 (1953), the court determined that co-owner savings bonds were not gifts “in contemplation of death.” Thus, a husband could invest community funds or property in United States savings bonds in co-ownership form, and, upon outliving his wife, become the sole owner of her interest in the savings bonds, subject to the legal rights of the forced heirs, if any. More recently, in Succession of Harrell, 622 So.2d 253 (La.App. 1st Cir.1993), this court considered a claim by the husband’s succession against the wife’s curator for one-half the value of co-owner form savings bonds bought presumably with community funds and payable to either the husband or wife. This Iscourt determined that, unless fraud or forced heirs are involved, federal law governs the ownership of savings bonds. This court held that Free v. Bland had effectively overruled the earlier case of Slater v. Culpepper, 222 La. 962, 64 So.2d 234, which had held that when community funds were used to purchase savings bonds in co-ownership between spouses, the deceased’s estate had a claim for one-half the value of the savings bonds against the surviving spouse. Succession of Harrell, 622 So.2d at 255. Accordingly, Mrs. Harrell was the full and complete owner of co-owner form savings bonds and did not owe an accounting to her husband’s succession for one-half the value of the savings bonds.
In order for the beneficiary form savings bonds at issue herein to be taxed under LSA-R.S. 47:2404 A, the savings bonds must be property “included or embraced in any inheritance legacy or donation or gift made in contemplation of death.” The Louisiana cases dealing with the issue of state inheritance tax on United States savings bonds, Succession of Bendel, 116 So.2d 84 (La.App. 2nd Cir.1959), Succession of Tanner, 24 So.2d 642 (La.App. 1st Cir.1946), and Succession of Raborn, 210 La. 1033, 29 So.2d 53 (1946), distinguish between the various forms of ownership for inheritance tax purposes.
In Succession of Bendel, the court determined that gifts of sole ownership form United States savings bonds to decedent’s wife constituted manual gifts. As such, the savings bonds did not form part of the decedent’s estate, but were the wife’s separate property and, therefore, were not taxable.
In Succession of Tanner, co-ownership form savings bonds were held not to form part of the deceased husband’s estate or the community existing between him and his wife, but to belong solely and exclusively to the survivor, based on Treasury Department regulations designating them as such. As a result, the savings bonds were not subject to state inheritance taxes.
In Succession of Rabom, beneficiary form savings bonds were taxable because they were gifts made “in contemplation of death” and only became the property of the claimant upon the death of the registered owner. Although the court in Rabom indi *112 cated that Secession of Tanner reached a contrary result, the case may 19be interpreted to hold that the savings bonds would be subject to state inheritance taxes, only if the transaction whereby the beneficiary or surviving co-owner acquired his rights fell within'the purview of the inheritance tax laws. However, the savings bonds in Rabom were taxable because their registration in the beneficiary form constituted a gift made “in contemplation of death.” Co-ownership form savings bonds do not fit so readily into a taxable category. See Alfred M. Posner, Comment, United States Savings Bonds-Ownership and State Inheritance Taxes, 8 La. L.Rev. 571 (1948).
We see no basis for distinguishing Succession of Rabom from the facts of the instant case. Because the rights of the beneficiary only arise upon the death of the registered owner, pursuant to 31 CFR § 315.70(c)(1), a beneficiary form United States savings bond is, by definition, purchased “in contemplation of death.” A co-owner form bond belongs equally to both co-owners during their lifetimes; when a co-owner dies, the surviving co-owner is vested with absolute ownership. In contrast, only the registered owner of a beneficiary form bond has an ownership interest during his or her lifetime. Both ownership and survivorship interests go to the beneficiary only upon the death of the registered owner, according to the contract which the bond represents between the United States and the owner of the bond. Therefore, it follows that the purchase of a beneficiary form United States savings bonds must, of necessity, be made in contemplation of the purchaser’s death.
Therefore, we find, as a matter of law, that beneficiary form United States savings bonds are gifts made “in contemplation of death” and, thus, are subject to Louisiana state inheritance tax under LSA-R.S. 47:2404.[1] The trial court erred in finding otherwise.
| ^PREEMPTION
Having found that beneficiary form United States savings bonds fall within the purview of LSA-R.S. 47:2404 as gifts made “in contemplation of death,” we must now resolve whether the state’s imposition of such a tax conflicts with a valid federal law and is preempted.
State family and family-property law must do major damage to clear and substantial federal interests before the Supremacy Clause will demand that state law be overridden; the relative importance to the state of its own law is not material when there is a conflict with a valid federal law, which is the reason the framers of our constitution provided that the federal law must prevail. Thibodeaux v. Thibodeaux, 454 So.2d 813, 815 (La.1984), cert. denied, 469 U.S. 1114, 105 S.Ct. 800, 83 L.Ed.2d 792 (1985). See Free v. Bland, 369 U.S. at 668, 82 S.Ct. at 1093. Our courts have recognized that the Federal Treasury Regulations dealing with savings bonds are an additional method of transmission and disposition that is superimposed upon our laws relative to donations inter vivos and mortis causa. Succession of Sellars, 197 So.2d 655, 659 (La. App. 4th Cir.), writ refused, 250 La. 920, 199 So.2d 922 (1967).
Free v. Bland, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 180, concerned whether co-owner form United States savings bonds, which were purchased with community property funds under Texas law, were the property of the surviving co-owner or the property of the heir of the deceased co-owner. The savings bonds were in co-owner form and were payable to either the husband “or” the wife. When the wife died, the husband claimed exclusive ownership of the savings bonds under the relevant federal regulations; however, the wife’s son, her principal heir, claimed ownership by virtue of the community property laws of Texas. The son demanded reimbursement for his mother’s community one-half interest in the savings bonds or one-half of the bonds. The Texas court recognized *113 the husband as the sole owner of the savings bonds under state law, with a duty to reimburse the deceased’s estate one-half the value of the savings bonds.
In reversing the Texas state court, the Supreme Court stated that “[o]ne of the inducements selected by the Treasury [in the regulations governing savings bonds] is the survivorship provision, a convenient method of avoiding complicated probate | uproceedings. Notwithstanding this provision, the State awarded full title to the co-owner but required him to account for half of the value of the bonds to the decedent’s estate. Viewed realistically, the State has rendered the award of title meaningless.” Free v. Bland, 369 U.S. at 669, 82 S.Ct. at 1093. The Court noted that the clear purpose of the federal regulations (31 CFR § 315) is to confer the right of survivorship on the surviving co-owner. Thus, the surviv-orship provision is a federal law which must prevail if it conflicts with state law. Free v. Bland, 369 U.S. at 668, 82 S.Ct. at 1093. Therefore, the Texas state law fell because of the Supremacy Clause.
In Yiatchos v. Yiatchos, 376 U.S. 306, 84 S.Ct. 742, 11 L.Ed.2d 724 (1964), the Supreme Court examined the issue of whether fraud existed when a husband used community property funds to purchase beneficiary form savings bonds payable on death to his brother, divesting the wife of her half of the property. The Court determined that the question of whether there was fraud, which would bar the beneficiary from receiving the funds despite the survivorship provisions of the savings bonds, was a question of federal law. However, the court would be guided by state law in that determination.
Clearly, the Supreme Court pronouncements hold that federal law regulating United States savings bonds preempts state law which fails to give effect to a term or condition under which a bond is issued. Under Free v. Bland, 369 U.S. at 668, 82 S.Ct. at 1093, federal law governs the rights and obligations created by the government savings bonds themselves, and direct interference with a legitimate exercise of the power of the federal government to borrow money is impermissible. However, these pronouncements address the federal regulations regarding the ownership of such savings bonds. To the extent that state law governing the ownership of the property conflicts with the federal regulations on the ownership of savings bonds, the Court has held that the state law must yield to the federal law. However, while giving full effect to the federal law governing ownership of savings bonds, Louisiana courts have continued to attach all the accoutrements of the Civil Code to savings bonds, including collation, reduction, and community property. Warren L. Mengis, United States Savings Bonds as an Estate Planning Item, 55 La. L.Rev. 529 (1995). The Louisiana Supreme Courtjjjhas recognized that the extent to which savings bonds figure in calculating the inheritance tax or a legitime or an interference with the rights of a child born subsequently to the naming of a payee on death is governed by state law. See Winsberg v. Winsberg, 56 So.2d at 732; Succession of Raborn, 29 So.2d at 53. See also Succession of Weis, 162 So.2d at 794; Succession of Mulqueeny, 156 So.2d 317, 322 (La.App. 4th Cir.), writs denied, 245 La. 92, 93, 94, 157 So.2d 234 (1963).
We find that the state statutory provision imposing inheritance taxes on beneficiary form savings bonds as gifts made “in contemplation of death” does not conflict with the federal regulations. In fact, the federal regulations authorize the collection of state taxes. Federal regulations, specifically 31 CFR § 332.9, clearly recognize that Series H United States savings bonds are subject to estate, inheritance, gift, or other excise taxes, whether federal or state. The court in Succession of Rabom distinguished Succession of Tanner, which had held that co-ownership form savings bonds were not taxable, in part by relying on the federal regulations allowing state inheritance taxes on savings bonds. Imposing inheritance taxes on beneficiary form savings bonds does not directly interfere with a legitimate exercise of the power of the federal government to borrow money. See Free v. Bland, 369 U.S. at 668, 82 S.Ct. at 1093. The collection of an inheritance tax does not result in the failure of the state to give effect to a term or condition under which a federal bond is issued. As such, *114 there is no conflict between federal and state law in this instance.
CONCLUSION
For the above reasons, the judgment of the trial court, granting Gaupp’s motion for summary judgment, denying the Department’s motion for summary judgment, and awarding Gaupp a refund of $8,413.30 is reversed. Judgment is rendered herein, granting the Department’s motion for summary judgment. Gaupp’s petition for a refund is dismissed. Gaupp is cast with all costs.
REVERSED AND RENDERED.
LeBLANC, J., concurs in result.

. An argument for a contrary result is made in Warren L. Mengis, United States Savings Bonds as an Estate Planning Item, 55 La. L.Rev. 529 (1995), wherein the author posits that neither co-ownership nor beneficiary form savings bonds should be subject to state inheritance taxes under Free v. Bland.